ANDREW SCHROEDER *vs.* CHARLES A. DE GRAFF and another, impleaded, etc.

September 29, 1881. .

Trespass—Damages—Depreciation in Rental Value.—In an action for trespass to real estate, by which permanent injury to it is done, if the property have a rental value, the depreciation in the annual rental value caused by the injury may be shown, in order to show how much the value of the real estate was diminished by the trespass.

Same—Value of Material Added by the Trespass.—The trespass consisted in constructing a railroad across a farm without the right to do so having been acquired by ascertaining and paying compensation to the owner. *Held*, that if the ties and rails increased the value of the farm, that should be considered in determining the amount of damages; but if the farm was no way benefited or enhanced in value by the ties and rails being laid across it, no deduction from the damage done to the farm should be made on account of the value of the ties and rails.

Appeal by defendants, De Graff and William Crooks, surviving partners of the firm of De Graff & Co., from an order of the district court for Stearns county, *McKelvy,* J., presiding, refusing a new trial.

· The trespass complained of was committed by De Graff & Co., about the year 1872, in entering upon and constructing across the land of plaintiff the railroad of the defendant, the First Division of the St. Paul & Pacific Railroad Company.

*Gilman & Clough,* for appellants.

*Taylor & Calhoun,* for respondent.

GILFILLAN, C. J.   Action for trespass upon real estate constituting a farm, by entering upon and constructing a railroad across it, without having secured the right to do so by ascertaining and paying

compensation to the owner, this plaintiff. The measure of damages recoverable in such a case is usually the difference in the value of the farm had the trespass not been committed, and its value with the injurious acts accomplished. The court below, against the defendants' objection, admitted evidence to show how much the injury done depreciated the annual rental value of the farm. That was one way of showing the actual injury—the actual diminution in the value of the farm. Where property injured has an annual rental value, proof of how much such rental value has been depreciated may, in some cases, be the most satisfactory way to show the injury to the value of the property. It is always admissible for that purpose. *Honsee* v. *Hammond*, 39 Barb. 89. If, at the same time, there be other direct evidence of the depreciation in value of the property, the court can, as it did in this case, by proper instructions to the jury, guard against the danger of double damages being allowed.

The evidence established the fact that, in addition to the excavations and embankments made by defendants on the land, they laid the track—that is, the ties and rails—across it. Defendants proved the value of the ties and rails, and insisted that, because by their being attached to the soil they became the property of the plaintiff, and he might take them up and sell them, therefore their value should be deducted from the injury done to the land by the trespass. The court below declined to give to the jury defendants' request containing that proposition, and instructed, in substance, that the ties and rails had become part of the realty, and the jury, if satisfied that they increased the value of the farm, should consider that fact in determining the damages; but if they were satisfied that the farm was in no way benefited or enhanced in value by the ties and rails, then no deduction should be made on account of them.

We regard the charge of the court as conveying the proper rule applicable to the case. The proper measure of damages was the injury done to the farm—the depreciation in its value as a farm—by the trespass; and there is no rule of law by which, where the amount of such injury is ascertained, the trespasser may be allowed, by way of recoupment or counterclaim, any conjectural benefit, not accruing to the farm itself, and thus modifying the extent of the injury to it,

which the owner may incidentally derive from the trespass. Conceding, for the purposes of this case, that by being laid across the farm the ties and rails became the property of the plaintiff, yet they became such against his will, and by the wrongful act of the defendants. To set off the value of the ties and rails, as distinct from the value of the farm after the trespass, against the injury done him, would make him an unwilling purchaser of them; would compel him to pay for a supposed benefit forced upon him by the wrongful act of the defendants; would compel him, in order to be made good for the injury done, to remove the ties and rails, take them to market and sell them, he assuming all the risks incident thereto. The propriety of lessening the consequences to the wrong-doer of his own wrongful act must be very apparent indeed to admit of placing the party wronged in such a position. There is certainly nothing to justify it in this case.

Order affirmed.