Argued 21 March, decided 14 May, rehearing denied 27 Sept. 1907.

## MYER v. ROBERTS.

12 L. R. A. (N. S.) 194 ; 89 Pac. 1051.

LANDLORD AND TENANT—ASSIGNABILITY OF CROP LEASE.

1. A lease providing for the possession and cultivation of ground, and requiring services not possessed by agriculturists generally, is a personal contract and not assignable, except by consent, without working thereby a forfeiture of the lease.

SAME—RIGHT TO CROP AFTER RE-ENTRY.

2. A landlord who lawfully re-enters upon leased property is entitled to the crops that were growing at that date, as they pass with the possession.

SAME—RETAINING POSSESSION UNLAWFULLY.

8. A tenant who secures and maintains possession of land by an injunction wrongfully issued after the landlord had lawfully obtained possession for condition broken by such tenant, is not entitled to the crop harvested by him during the continuance of the restraint, on the theory that a landlord out of possession is not entitled to annual crops grown by an occupant and by him severed from the soil.

SAME—RECEIPT OF CROP AS RECOGNITION OF TENANCY.

4. The receipt by a landlord of part of a crop grown upon the leased land by the occupant thereof is not evidence of the relation of landlord and tenant, where the occupant's right to possession was consistently denied and the part of the crop tendered was received under a claim of title to the whole.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action in trover by J. W. Myer against John J. Roberts and T. A. Livesley for the conversion by defendants of 21,913 pounds of hops alleged to belong to the plaintiff. The facts are these: On March 7, 1900, I. M. Simpson, being the owner of a hop yard in Polk County, leased it, with the improvements, certain farming implements and personal property, to the defendants for the years 1900 to 1904, inclusive. On October 25, 1902, the defendants sublet the yard on shares to W. D. Huston for the years 1903 and 1904. On January 15, 1904, Huston attempted to assign and transfer his contract to the plaintiff. On January 23, 1904, the defendants, without notice

of the assignment, entered into a new lease with Huston for the current year, taking from him a mortgage on his interest in the crop to secure a balance due for advances made the previous year and to be thereafter made. It was stipulated that in case of a violation of the terms of the lease defendants could re-enter, take possession of the property, complete the cultivation of the yard, harvest and sell the hops, paying over the surplus, if any, to Huston.

At the time of the attempted assignment by Huston to plaintiff there was no one in actual possession of the hop yard, and no dwelling thereon. A few days later the plaintiff went to examine the yard, but finding it too wet to work returned home. His brother, whom he had employed to cultivate the yard for him, returned about the 4th of February and remained a few days, but as the weather was unfavorable, but little, if any, work was done by him. On the 14th of March defendants, learning that the plaintiff claimed some right to the yard, sent one Vincent, an employee of theirs, to take possession and cultivate it for them. Vincent found no one in actual possession at the time, but some of plaintiff's employees arrived · either that afternoon or the next morning, and they and Vincent were in joint occupancy until the latter part of March, when plaintiff commenced a suit to enjoin and restrain defendants from interfering with his possession. A preliminary injunction was issued and served, in obedience to which Vincent left the premises. On June 27, 1904, a decree was entered in such suit to the effect that the assignment from Huston to plaintiff was valid and entitled him to possession during the time specified therein, but that defendants had a lien on the crop to secure the payment of $625 by virtue of their contract with Huston. This decree was reversed in November, 1904, and the complaint dismissed, on the ground that the contract between Huston and the defendants was unassignable: *Meyer* v. *Livesley,* 45 Or. 487 (106 Am. St. Rep. 667: 78 Pac. 670). Pending the litigation, however, the plaintiff remained in possession, culti-· vated and harvested a crop from the yard, one-fourth of which

he delivered to the defendants, and stored the remainder in a near-by warehouse, where it was afterwards taken by defendants and converted to their own use. The purpose of this action is to recover the value of the hops so converted. The court below directed a verdict for defendants and the plaintiff appealed.                                                     AFFIRMED.

For appellants there were oral arguments by *Mr. John H. McNary* and *Mr. Chas. L. McNary* with a brief to this effect.

I. Hops growing on vines produced annually by industry and cultivation are regarded as *fructus industriales* and personal property, though the root of the vine is perennial, living for a series of years: 8 Am. & Eng. Enc. Law (2 ed.), 302, 303; Tiedeman, Real Prop. § 70.

II. One who sows, cultivates and harvests a crop upon the land of another is entitled to the crop as against the owner of the ground, whether he came into the possession of the land lawfully or not, provided he remains in possession until the crop is harvested: *Page* v. *Fowler,* 39 Cal. 412 (2 Am. Rep. 462) ; *Martin* v. *Thompson,* 62 Cal. 618; *Huerstal* v. *Muir,* 64 Cal. 450 (2 Pac. 33) ; *Groome* v. *Almstead,* 101 Cal. 425 (35 Pac. 1021) ; *Johnston* v. *Fish,* 105 Cal. 420 (45 Am. St. Rep. 53: 38 Pac. 979) ; *Dollar* v. *Roddenbery,* 97 Ga. 148 (25 S. E. 410.) ; *Lindsay* v. *Winona & St. P. R. Co.* 29 Minn. 411 (43 Am. Rep. 228: 13 N. W. 191) ; *Boyer* v. *Williams,* 5 Mo. 335 (32 Am. Dec. 324) ; *McAllister* v. *Lawler,* 32 Mo. App. 91; *Edwards* v. *Eveler,* 84 Mo. App. 405; *Morgner* v. *Biggs,* 46 Mo. 65; *Harris* v. *Turner,* 46 Mo. 438; *Jenkins* v. *McCoy,* 50 Mo. 348; *Adams* v. *Leip,* 71 Mo. 597; *Brothers* v. *Hurdle,* 32 N. C. (10 Ired. L.) 490 (51 Am. Dec. 400) ; *Ray* v. *Gardner,* 82 N. C. 454; *Faulcon* v. *Johnston,* 102 N. C. 264 (11 Am. St. Rep. 737: 9 S. E. 394) ; *Hinton* v. *Walston,* 115 N. C. 720 (20 S. E. 164) ; *Stockwell* v. *Phelps,* 34 N. Y. 363 (90 Am. Dec. 710) ; *Phillips* v. *Keysaw,* 7 Okl. 674 (56 Pac. 695) ; *Kirtley* v. *Dykes,* 10 Okl. 16 (62 Pac. 808) ; *Churchill* v. *Ackerman,* 22 Wash. 227 (60 Pac. 406) ; *Cullen* v. *Bowen,* 36 Wash. 665 (79

Pac. 305) ; 12 Cyc. p. 977; 8 Am. & Eng. Enc. Law (2 ed.), 329; 8 Ballard, Real Property, § 99.

For respondents there were oral arguments by *Mr. William Marion Kaiser* and *Mr. Wirt Minor,* with a brief over the names of *Wm. M. Kaiser, Woodson T. Slater* and *Teal & Minor,* to this effect.

1. When a mere intruder upon lands plants crops thereon, such crops, so long as they remain unsevered, are the property of the land owner (12 Cyc. 977), and where a landlord re-enters for breach of a condition in a lease, he is immediately invested with the title to the premises and the emblements growing thereon: 2 Taylor, Land. & Ten. (9 ed.) § 535; 8 Am. & Eng. Enc. Law (2 ed.), 319; *Samson* v. *Rose,* 65 N. Y. 411; *Smith* v. *Reeder,* 21 Or. 541 (15 L. R. A. 172: 28 Pac. 890).

2. A trespasser who sows, cultivates and harvests a crop upon the land of another, and against the opposition and protests of the owner, has no right to such crop, even if he has cut and gathered it: *Crotty* v. *Collins,* 13 Ill. 567; *Simpkins* v. *Rogers,* 15 Ill. 397; *Samson* v. *Rose,* 65 N. Y. 411; *Wadge* v. *Kittleson,* 12 N. D. 452 (97 N. W. 856) ; *Freeman* v. *McLennan,* 26 Kan. 151; *Rowell* v. *Klein,* 44 Ind. 290 (15 Am. Rep. 235) ; *McLean v. Bovee,* 24 Wis. 295 (1 Am. Rep. 185) ; *McGinnis* v. *Fernandes,* 135 Ill. 69 (25 Am. St. Rep. 347: 26 N. E. 109) ; *Lindsay* v. *Winona & St. P. R. Co.* 29 Minn. 411 (43 Am. Rep. 228: 13 N. W. 191) ; *Thomes* v. *Moody,* 11 Me. 139.

3. Receipt of rent after a landlord has actually commenced his action of ejectment for a forfeiture does not amount to a waiver: Taylor, Land. & Ten. (1 ed.) § 497; 1 Wood. Land. & Ten. 324.

Opinion by MR. CHIEF JUSTICE BEAN.

1. The lease or agreement between the defendants and Huston for the possession and cultivation of the hop yard for the years 1903 and 1904 was a personal contract and not assignable to a third person without consent of defendants. An

attempt to make such an assignment would work a forfeiture
of Huston's interest and give the defendants an immediate right
of re-entry: *Meyer* v. *Livesley,* 45 Or. 487 (106 Am. St. Rep.
667: 78 Pac. 670); *Randall* v. *Chubb,* 46 Mich. 311 (41 Am.
Rep. 165: 9 N. W. 429). When, therefore, Huston undertook
to assign his interest to the plaintiff and put the latter in pos-
session it worked a forfeiture of the agreement and authorized
the defendants to immediately re-enter and take possession of
the property.

2. The evidence shows they did this in a peaceable and or-
derly manner on March 11th, and were thereby restored to
possession: *Smith* v. *Reeder,* 21 Or. 541 (15 L. R. A. 172: 28
Pac. 890). At that time the hop roots had sprouted and were
growing, and upon re-entry by the defendants the title thereto
vested in them. When the estate of a tenant or occupant of
land is forfeited, or the tenancy terminated by some act of his,
and the landlord or owner re-enters, the tenant or occupant is
not entitled to the crops growing thereon, but they pass to the
landlord with the title to the land: 8 Am. & Eng. Enc. Law
(2 ed.), 319; Taylor, Land. & Ten. § 535; *Samson* v. *Rose,*
65 N. Y. 411. This latter case is much in point. In that case
the plaintiff leased his farm to Tripp & Greene for five years
for an annual rent, payable in January of each year. There
was a clause authorizing the re-entry of the lessor in case the
rent was not so paid. Tripp & Greene did not pay the rent
due in January, 1870, and on March 20th thereafter the plain-
tiff brought an action in ejectment to recover possession of the
premises, and in due time recovered judgment, and was put
in possession. Pending the litigation Tripp & Greene sublet the
premises to the defendant, who raised a crop of grain from
seed sown after the commencement of ejectment proceedings,
which had been cut but not removed from the land at the time
plaintiff was put in possession under the judgment in ejectment.
The question in the case was as to the title to such grain. The
court held that it belonged to the plaintiff, because under the
statute the commencement of the ejectment proceeding was

equivalent to a re-entry on the demised premises for condition broken, thus applying the doctrine alluded to that an entry by a landlord for condition broken vests in him the title to growing crops.

The principle of that case seems to us controlling here. Indeed, the case at bar is much more favorable to the defendants on its facts than the one cited. In this case there was an actual re-entry by defendants while the crop was growing and unharvested; while in the New York case the re-entry was constructive. Again, in this case the crop was growing on the premises at the time of the re-entry; while there, seed was planted after the constructive re-entry. The judgment was not unanimous in the New York case, but the judges all agreed as to the general principle of law: that an actual re-entry by a landlord for condition broken vests him with title to all growing crops on the land; but they differed as to whether the commencement of an action of ejectment was equivalent to such re-entry,—a question that does not arise in this case.

3. The plaintiff relies for recovery upon the general doctrine that the owner of land out of possession is not entitled to annual crops grown and severed from the soil by an occupant: *Page* v. *Fowler,* 39 Cal. 412, 416 (2 Am. Rep. 462); *Groome* v. *Almstead,* 101 Cal. 425 (35 Pac. 1021); *Martin* v. *Thompson,* 62 Cal. 618; *Jenkins* v. *McCoy,* 50 Mo. 348; *Adams* v. *Leip,* 71 Mo. 597; *Ray* v. *Gardner,* 82 N. C. 454; *Faulcon* v. *Johnston,* 102 N. C. 264, 267 (11 Am. St. Rep. 737: 9 S. E. 394); *Stockwell* v. *Phelps,* 34 N. Y. 363, 364 (90 Am. Dec. 710); *Phillips* v. *Keysaw,* 7 Okl. 674 (56 Pac. 695); *Kirtley* v. *Dykes,* 10 Okl. 16 (62 Pac. 808); *Churchill* v. *Ackerman,* 22 Wash. 227 (60 Pac. 406); 8 Ballard, Real Prop. § 99. But we think this rule cannot apply to one who secures and maintains possession by an injunction wrongfully issued after a landlord has lawfully re-entered for condition broken. The plaintiff never was in the exclusive possession of the premises, except by virtue of the injunction, either in his capacity as the assignee of Huston or in any other capacity. At most,

his possession was joint with that of the defendant and both were engaged in cultivating hops until the time of the injunction. It takes something more than such a holding to constitute an occupant within the meaning of the rule invoked by plaintiff. Because he was able by reason of the injunction to crop the land without license and against the protest of the defendants does not give him a legal title to the crop growing thereon at the time of his entry. His act was without right or authority, and at his peril, and he must suffer the consequences. If he thought himself wronged by the refusal of the defendants to recognize the assignment from Huston he should have resorted to an appropriate action to recover damages and not insisted on remaining in possession by means of an injunction.

4. It is claimed that the delivery to and acceptance by the defendants in October, 1904, of a part of the hops raised on the yard during that year is *prima facie* evidence of the relation of landlord and tenant, and sufficient to take the case to the jury on that point. As a general rule the payment of rent by one in occupancy of premises is evidence of a tenancy, but not when paid under such circumstances as to rebut such an idea: Wood, Land. & Ten. § 4; Taylor, Land. & Ten. § 3. It clearly appears that defendants did not receive or accept the hops delivered to them by plaintiff with any intention of recognizing plaintiff as their tenant, but because they claimed title to all the hops grown in the yard. They had denied plaintiff's right to possession from the beginning and were at the time of the delivery litigating that question with him; and it would be inconsistent with their entire attitude throughout the proceedings, and all the circumstances of the case, to give to the mere fact of the receipt by them of a part of the hops the effect of evidence of a tenancy.

It follows that the judgment of the court below must be affirmed, and so ordered.                AFFIRMED.