### C. M. CRITCHER v. JAMES WATSON.

(Filed 27 November, 1907).

**Landlord and Tenant—Lease—Betterments—Promise of Landlord to Pay.**

If it can be done without injury to the freehold, a tenant has the right to remove all betterments affixed by him thereto, if done before the expiration of the lease; and the promise of the landlord to pay for them, made during the continuance of the lease and the possession of the tenant thereunder, is enforcible and not *nudum pactum.*

CIVIL ACTION, tried before *Justice, J.,* and a jury, at April Term, 1907, of the Superior Court of GRANVILLE County.

From judgment for plaintiff defendant appealed.

*Graham & Devin* for plaintiff.
*B. S. Royster* for defendant.

CLARK, C. J. Action for recovery of rents, begun before a justice of the peace. The only exception is to the following charge of the Court: "If defendant bought and paid for the window and frame and put it in the house, and, after that time, told plaintiff he had done so, and plaintiff could pay for it, or not, as he saw fit, and plaintiff ratified and accepted it,

and plaintiff said he would pay for it, the plaintiff would be liable for the value of the window and frame, and defendant would be entitled to credit for the same."

The defendant could not put a betterment on the house without request, and, by such officious act, make the landlord his debtor. Nor, if the consideration was passed, would the promise of the plaintiff to pay therefor be binding, being gratuitous and without a consideration moving thereto. But the window and frame being a betterment to the house of future benefit, if the plaintiff "accepted the same and promised to pay for it" (as the Court charged), there were all the elements of a valid contract, for the tenant had a right to remove all betterments affixed by him, if done before the lease expired, if this were done without injury to the freehold. *State v. Whitener*, 93 N. C., 594, bottom of page, citing Tyler on Fixtures, pp. 384, 385, on the very point of the right of a tenant to remove windows placed by him in a windowless house. If, under such circumstances, the plaintiff promised to pay for the window, this was ratification and acceptance.

This distinction reconciles the authorities. As the plaintiff contends, an executed or past consideration is no consideration to support an express promise in cases where the law does not raise an implied promise. 6 A. and E., 690, 693; *Allen v. Bryson*, 67 Iowa, 591. In *Bailey v. Rutjes*, 86 N. C., 522, Rutjes was lessee of the premises for five years, under a contract to make certain betterments. The plaintiff furnished the lumber to Rutjes for the purpose. He sued Rutjes and the lessors jointly, and the Court held that, unless the lessors "were originally liable by reason of a contract of some sort, they cannot be made so because of their having resumed possession of the premises, with its improvements, upon the surrender of their tenant;  *  *  *  nor, under such circumstances, would a promise to pay, after the lumber had been furnished and used, be binding on them, since it would be purely gratuitous, and, as such, would make no contract."

But here the jury find that the plaintiff expressly agreed to pay for the window and frame their cost—$1.72—and the only query is whether the promise is void for lack of consideration. If the only claim were that, at the expiration of the lease, as in *Bailey v. Rutjes,* the property passed to the plaintiff, with the window and frame added, there would be, as in that case, no liability of plaintiff, either to the maker of the window and frame, or to the defendant. And even if, after the expiration of the lease, when the house, with its betterments, had already passed back to the landlord, he had then made an express promise to pay for the betterment, this would have been unenforcible because *nudum pactum,* being a promise to pay for what had already become his property.

But here the express promise, which the jury find was made, was made during the tenancy. The tenant had a right to remove the window, if before he went out, provided this could be done without injury to the freehold. 24 Cyc., 1101. It does not appear that it would have been irremovable, for the jury find that the plaintiff promised to pay for it. If so, he must have desired to keep it there, and that it was desirable to keep it appears from the plaintiff's own testimony that "the room was 18 x 18 feet, with no light except from the door." Such a house was unsanitary and would be condemned by any board of health. Both parties testify that the conversation occurred during the tenancy and at the time when the defendant was doing work putting in the window, the plaintiff denying and the defendant affirming a promise to pay for the same.

A landlord cannot be "improved" into a liability for improvements put upon his property by the tenant without authority. Nor can anyone be held liable legally for a promise made without consideration; but here the betterment to the house was accepted at the time by the plaintiff, who promised to pay the $1.72 for it, as the jury find. He has lost nothing, but still has the consideration of better light for a large room, which before had no light except from the door.

No Error.