# NORTHERN PACIFIC RAILWAY COMPANY *v.* HOUSTON.

### ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 57. Submitted November 11, 1913.—Decided December 1, 1913.

Decided on the authority of *Northern Pacific Railway Company* v. *Wass*, 219 U. S. 426.
109 Minnesota, 273, reversed.

THE facts are stated in the opinion.

*Mr. Charles W. Bunn* for plaintiff in error.

There was no appearance or brief filed for defendant in error.

Memorandum opinion by MR. CHIEF JUSTICE WHITE, by direction of the court.

In *Northern Pacific Ry. Co. v. Wass,* 104 Minnesota, 411, it was decided that lands claimed under an indemnity grant, and described in lists of indemnity selections filed in the appropriate United States Land Office and which were rightfully pending for action by the proper officer were nevertheless subject to entry by others to the destruction of the right to select and to the frustration of the governmental power to approve the selections and award the land under the granting law. The judgment below which is now under review, was expressly rested by the court on the ruling in the *Wass Case. Houston v. Northern Pacific Ry.,* 109 Minnesota, 273. The identity between the controversies here presented and the one which was passed on in the *Wass Case* is additionally shown by the fact that it is stated in the printed argument on behalf of the railroad company, the plaintiff in error, there being no argument on behalf of the defendant in error, that the land involved in this case was covered by selections made at the same time the selections which were involved in the *Wass Case* were made, and were embraced in the identical lists which were the subject of contest in that case. But since this case was decided by the court below, its ruling in the *Wass Case* was reviewed by this court and it was reversed, thereby destroying the only foundation upon which the judgment in this case could possibly rest. *Northern Pacific Railway Company v. Wass,* 219 U. S. 426. It follows for the reasons stated in the *Wass Case,* and upon the authority of that case, the judgment below must be

reversed and the case be remanded to the court below for further proceedings not inconsistent with the opinion in the *Wass Case* and the action which we now take in applying the decision in that case.

*Reversed.*