PINCHBACK et al. v. SWASEY et al.
(No. 170.)

(Court of Civil Appeals of Texas. Beaumont. April 5, 1917. Rehearing Denied April 25, 1917.)

1. TRESPASS TO TRY TITLE ⚖═41(1)—"NAKED TRESPASSER"—EVIDENCE.

In trespass to try title to land upon which defendant had planted rice crop, defendant *held*, under evidence, a "naked trespasser," without title to crop or right to have the same on payment of rent.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 62.]

2. PLEADING ⚖═236(4) — AMENDMENT OF PLEADINGS—DISCRETION.

Refusal to allow defendant to file an amendment pleading a lease or rental contract, after all parties have rested, is not an abuse of discretion, especially where testimony clearly shows that there was no agreement for such lease or contract.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601.]

3. TRESPASS TO TRY TITLE ⚖═52—RECOVERY ON REPLEVY BOND — REMOVAL OF CROP — MEASURE OF DAMAGES.

Where owner brings trespass to try title against a naked trespasser having a crop growing on land, and who during pendency of suit replevies and sells crop, the owner may recover on replevy bond the value of the crop.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 83, 84.]

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Suit by C. J. Swasey and others against R. T. Pinchback and others, in which plaintiffs filed an amended petition, joining as de-

fendants' sureties on a replevy bond. Judgment for plaintiffs, and defendants appeal. Affirmed.

P. A. Dowlen and E. E. Easterling, both of Beaumont, for appellants. Thos. J. Baten, Henry G. Russell, and Silas M. Johnson, all of Beaumont, for appellees.

DAVIS, J. This is a suit brought by appellees on September 9, 1915, and is a suit in trespass to try title to recover 273 acres of land in the Josiah Dyches league in Jefferson county, Tex. The original petition sought relief against the defendant R. T. Pinchback, alone. At the time of the institution of the suit, there was a rice crop growing upon 54 acres of the land sued for. After the suit had been brought, the appellees, plaintiffs below, on the 14th day of September, 1915, sued out a writ of sequestration, which was executed by the sheriff of Jefferson county on September 15, 1915, by taking into his possession the property sued for; and on the 16th day of September, 1915, the defendant R. T. Pinchback, as principal, placed his replevy bond in the hands of the sheriff, with W. H. Caswell and E. J. Suit as sureties thereon, which replevy bond was approved by the sheriff, and the defendant R. T. Pinchback thereupon was placed in possession of and took possession of the entire property sued for. Thereafter plaintiffs filed their second amended original petition, and, after making the ordinary allegations in actions of trespass to try title, set out the facts with regard to the sequestration of the property sued for, together with the replevy bond, under which defendant R. T. Pinchback took possession of the property, and sued to recover on the replevy bond the damage done to the property sued for by reason of the removal of the rice crop standing and growing thereon at the time of the levy of sequestration and the replevy of same, and also to recover the rental value of the land replevied. The defendants R. T. Pinchback and W. H. Caswell originally answered, with pleas of not guilty. Thereafter the defendant Pinchback filed a supplemental answer, in which he disclaimed all interest in the land sued for, except the land described in his application for a survey to George W. White, county surveyor of Jefferson county; the application being attached to his answer and described as Exhibit A, and which application was for a survey of unsurveyed land, appropriated to the public school fund under chapter 11, Act Feb. 23, 1900. The defendant W. H. Caswell amended, and disclaimed as to all the land sued for, but specially denied the allegations of plaintiffs in paragraphs 5 and 6 of their petition. Upon these pleadings the case was tried, and resulted in the trial court's instructing a verdict in favor of plaintiffs for the land sued for, and the sum of $2,360.60 as injury to the land, because of the removal of the rice crop, and

the further sum of $108 as rent on the land replevied from September 16, 1915, the date of the replevy bond, to the 25th day of May, 1916, the date of trial; and from the judgment rendered in said court, defendants have appealed to this court.

On the trial, appellees, plaintiffs below, offered in evidence a number of deeds and other proof showing a consecutive chain of title from the Government down to themselves, and upon the trial it was agreed that there was no controversy as to the plaintiffs' title, that the 273 acres sued for was entirely within the bounds of the Josiah Dyches league, that the rice crop planted and harvested by the appellant Pinchback was on a part of the 273 acres sued for, and that plaintiffs' title was on record in Jefferson county, where the land is located, long prior to 1912; also appellants, during the trial, in open court disclaimed any interest in the land, except that land on which the rice crop was planted, and claimed this as vacant land, and also claimed to have gone upon this land in good faith, in that the defendant Pinchback, believing the land to be unsurveyed land, appropriated to the public school fund under chapter 11, Act Feb. 23, 1900, filed his application for a survey of same. The appellant Pinchback, on the question of entry in good faith, bases his belief that the land he made application to have surveyed and desired to purchase from the state was unsurveyed land, appropriated to the public school fund under chapter 11, Act Feb. 23, 1900, and was vacant land, was because the county surveyor, White, had informed him there was some vacant land in there, because there was more land in the Josiah Dyches league than it called for. The facts show, and it is admitted, that Pinchback knew that prior to the time he went upon the land one Tyndall had rented this land from Swasey, one of the plaintiffs in this suit. He made no inquiry as to whether or not the land was claimed or owned by any one, and made no examination of the records of the county to see whether there was any one claiming to own the land, and made no investigation whatever, but made his application for a survey of vacant land, because he had been informed and believed the land was vacant land, because there was an excess in the Dyches league.

[1, 2] The facts conclusively show that the appellant R. T. Pinchback was a naked trespasser; that he went upon the land in controversy without any right or authority whatever, and planted on a portion thereof a rice crop, which was standing and growing upon the land at the time of the institution of this suit, the levy under the writ of sequestration, and the replevy thereof by appellant Pinchback of the land in controversy; that since the replevy of the property sued for, and before final judgment was rendered in the case, the appellant Pinch-

back cut and removed therefrom the rice crop, and sold same to the appellant W. H. Caswell. It appears that the appellant R. T. Pinchback, at the close of the trial of this case, and after all parties had rested, asked leave of the court to file a trial amendment, in which he pleaded a lease or rental contract between himself and S. M. Johnson, agent of appellees, which leave was refused by the court, and which action of the court is complained of. We do not think the trial court abused its discretion in its refusal to allow appellants to file their trial amendment under these circumstances, and for the further reason that the testimony adduced upon the trial and testified to by the appellant Pinchback clearly shows there was no contract or agreement whatever as to the lease or rental of the land by him. The evidence does show that Johnson was willing to rent the land to Pinchback for $3 per acre, but it conclusively shows that no such contract, either implied or expressed, was ever entered into.

[3] The only question presented to us for review on this appeal is: Can the owner of the fee, finding a naked trespasser upon his land, who had planted and was growing a crop thereon, and the owner of the fee files suit against the trespasser to recover the land, and sues out and has levied thereon a writ of sequestration, and his property is replevied by the trespasser, and before the trial of the case and the rendition of a judgment the crop is removed from the land and sold by the trespasser, recover on the replevy bond the value of the crop as injury to the land because of the removal of the crop therefrom? This is a question on which the courts of some of the states do not agree, some holding that, if the crop is removed before judgment is rendered, recovery can only be had for the rental value of the land. It appears to us that, if this should be announced as the rule in this state, any trespasser desiring to cultivate the land of another, without any lawful authority, and even against the wishes of the owner of the land, could move upon the same and raise a crop, in defiance of the owner's wishes, and in the courts of the country only be required to pay the rental value of the land, and necessarily force the owner to rent his land, whether he desired to do so or not. We have not been able to find a decision in our state based upon the facts as represented in this case; but we believe the rule should be that where a naked trespasser, who is sued and the land sued for sequestrated by the owner, the crop growing thereon at the time of the levy of the writ of sequestration being a part of the realty, it not having been severed from the soil, the value of the crop removed therefrom, either before or after judgment, may be recovered by the holder of the fee on the ground of injury to the land occasioned by its removal. Love v. Perry, 111 S. W. 203; Duncan v. Jouett, 111 S. W. 981; Warner v. Sohn, 86 Neb. 519, 125 N. W. 1072, 21 Ann. Cas. p. 427; Crotty v. Collins, 13 Ill. 567; Floyd v. Ricks, 14 Ark. 286, 58 Am. Dec. 374; Myer v. Roberts, 50 Or. 81, 89 Pac. 1051, 12 L. R. A. (N. S.) 195, 126 Am. St. Rep. 733, 15 Ann. Cas. p. 1031; McGee Irrigation Ditch Co. v. Hudson (Sup.) 22 S. W. 967; Bagley v. Columbus Southern Ry. Co., 98 Ga. 626, 25 S. E. 638, 34 L. R. A. 286, 58 Am. St. Rep. 325.

There being no errors pointed out, which will justify a reversal of this case, we think the same should be affirmed; and it is so ordered.

Affirmed.