### J. J. HENSLER v. AUGUST WARNEKA AND ANOTHER.[1]

January 7, 1927.

No. 25,715.

**Title to growing crop after expiration of time to redeem from mortgage foreclosure.**

A real estate mortgage upon defendant Warneka's farm was foreclosed on June 28, 1924, the sheriff's certificate of sale being issued to defendant bank. In October, 1924, the tenants of Warneka agreed with the bank to become its tenants after June 28, 1925, in the event that Warneka failed to redeem. In May, 1925, Warneka gave a chattel mortgage to plaintiff upon his one-third share of the crop and upon the cash rental for the pasture. There was no redemption. The tenants performed their agreement with the bank and harvested and delivered to it the landowner's share of the crop. In this action against the bank for conversion of the crop it is *held*:

By operation of law the nonredemption terminated Warneka's and plaintiff's title to the growing crop; that the tenants' conditional lease with the bank became effective when Warneka failed to redeem and constituted an attornment to the bank; and that the subsequent harvesting and delivery of the landowner's share of the crop to the bank by the tenants was rightful.

Landlord and Tenant, 35 C. J. p. 1248 n. 25.
Mortgages, 41 C. J. p. 1000 n. 90.

Defendant Merchants National Bank of Wadena appealed from an order of the district court for Wadena county, Nye, J., denying its motion for a new trial. Reversed with directions.

*Mark & Barron*, for appellant.
*Charles Martin* and *Byron R. Wilson*, for respondents.

HOLT, J.

From an order refusing to amend the conclusion of law and denying a new trial the defendant bank appeals.

[1]Reported in 211 N. W. 680.

The short facts are these: The defendant bank held a mortgage upon the 223-acre farm of defendant Warneka, which for default was sold under foreclosure proceedings and bid in by the bank on June 28, 1924. The time for redemption expired June 28, 1925. Warneka, in November, 1922, let the farm for one year, with provisions for a three to five year renewal term, to Ostlund and Skalisky, under which they were to receive two-thirds of the crops raised and Warneka one-third, and for the pasture the tenants were to pay $100 per year. The tenants had notice of the foreclosure sale and in October, 1924, went to the bank and agreed to be its tenants, in case there was no redemption, upon the same terms as under the lease with Warneka. There was no redemption; and from and after June 28, 1925, the tenants remained in possession and recognized no landlord other than the bank, to which the one-third of the crop was delivered and pasture rental of $100 was paid. In May, 1925, Warneka gave a chattel mortgage on his share of the crop and the pasture rent to plaintiff, and he brought this action against the bank for conversion, joining Warneka as defendant who answered claiming ownership of the one-third share of the crop subject to the chattel mortgage. The court submitted 14 issues to a jury for special verdict and made findings based thereon, except one finding being that the fair rental value of the farm for the farming season up to and including June 28, 1925, was the sum of $700, and as conclusion of law that plaintiff was entitled to judgment against the bank for the amount due on the chattel mortgage, viz. $599.53 and the defendant Warneka was entitled to judgment for the balance of the $740 and interest, viz. $160.58. The jury by special verdict found the value of the pasture rental to June 28, 1925, to be $40.

The learned trial court rendered his decision herein before the opinion in McCray v. Superannuated Fund, 167 Minn. 295, 208 N. W. 1001, was published, which we think is controlling here. It was there held that by operation of law a leasehold created by the owner of land is terminated upon such owner's failure to redeem from a prior mortgage foreclosure sale. The purchaser at such

sale becomes the absolute owner of the land with the growing and unsevered crops thereon the moment the year of redemption expires without a redemption being made. A person who takes a chattel mortgage upon the crop to be grown or growing upon land encumbered with a mortgage takes subject to the rights of the purchaser in case of a foreclosure sale of that mortgage and the expiration of the year of redemption, without a redemption, before a severance of the crop mortgaged. It is argued here that Warneka could have severed or cut all the crop on the twenty-seventh of June, 1925, and hence giving the chattel mortgage in May should be considered a severance in equity. The argument does not appeal to us as sound, but it is not necessary to determine whether there ever could be any merit in it, for it is plain that the tenants here as well as the purchaser at the mortgage foreclosure sale had such an interest that an appeal to the courts would have prevented an actual severance. Nor, as we see it, could it ever be held a workable rule that the giving of a chattel mortgage upon a crop to be grown or growing amounts in law to a constructive severance thereof.

Respondents rely on Willis v. Moore, 59 Tex. 628, 46 Am. Rep. 284. That case depends largely on decisions from Pennsylvania, which however are discussed in the later case of Long v. Seavers, 103 Pa. St. 517, and this result is stated: "Where land is let upon shares, a sale upon a fi. fa. of the landlord's share of the growing grain before actual severance does not of itself work such an implied severance as will pass the landlord's title to the purchaser under the fi. fa. as against a subsequent purchaser of the land at sheriff's sale, who obtains his deed before the rent falls due." There can be no difference so far as growing crops are concerned between the rights of a prior mortgagee in the states where such mortgagee holds the legal title and asserts possession, and the rights of such prior mortgagee under our law, who has foreclosed the mortgage, become the purchaser at the sale, and who, after the mortgagor has allowed the redemption period to expire without redemption, asserts the ownership to crops which were then growing upon the land and which were severed and harvested by those

in possession and delivered to the mortgagee under agreement with them to so do if the mortgagor failed to redeem.

The evidence was uncontradicted that after the foreclosure sale and in October, 1924, the tenants Ostlund and Skalisky made a conditional agreement with the bank whereby, in case there was no redemption by Warneka, they agreed to become tenants of the bank under the same terms as in their lease with Warneka. We think their situation was such that ordinary prudence required that they enter such an agreement before undertaking to plant the 1925 crop. They knew that there had been a foreclosure of the mortgage and that the bank was a purchaser. The jury found that the tenants never recognized Warneka as landlord after June 28, 1925, but did recognize the bank as such. No finding was made embracing these special verdicts, nor on the undisputed testimony as to the agreement between the bank and the tenants made in October, 1924, the learned trial court evidently being of the view that an attornment could not be made by the tenants without the surrender of possession to Warneka. In this we cannot concur. The reasons are stated and the authorities sufficiently cited in the McCray case, supra. We see no legal distinction between a valid attornment subsequent to June 28, 1925, and one made prior to that date to take effect if Warneka did not redeem. The consent of the latter was not necessary to the attornment. His title to the growing crop passed to the bank on June 28, 1925, and so did plaintiff's.

That the bank was willing on June 23, 1925, to convey the land to any purchaser Warneka could find and give him all of the purchase price in excess of the amount the bank had invested in the land, and even after June, 1925, expressed such readiness to sell on the same terms to anyone Warneka might bring, does not appear to us to change the legal rights of the parties to the one-third share in the crops.

The cash rental for the pasturage stands on a different basis. As to that there was a severance from day to day, and the bank concedes that plaintiff is entitled to the $40 which the jury found was the value up to June 28, 1925.

We do not think the court was authorized under the pleadings and the evidence to determine the rental value of the farm up to the time the redemption expired and impress the landowner's share of the crop with a lien therefor or render a personal judgment against the bank which received such share.

The order is reversed and the cause is remanded with direction to amend the findings and conclusions of law so as to give judgment in harmony with this opinion.