## MAYNARD MEHL v. JOHN H. NORTON.[1]

November 5, 1937.

No. 31,338.

*Frundt & Morse,* for appellant.
*Morgan & Nichols* and *Kent C. van den Berg,* for respondent.

PETERSON, JUSTICE.

Action to recover a balance of rent claimed to be due under a lease, and damages caused by defendant's breach of his covenant to surrender possession of the premises in good repair at the expiration of the term. Defendant counterclaimed for money expended for grain sowed on the farm during a period in which he held over after expiration of the term and for the reasonable value of labor performed in sowing the crop. The court below found for plaintiff on his cause of action in the sum of $165.60 and for defendant on his counterclaim in the sum of $160.25, upon the grounds that plain-

[1]Reported in 275 N. W. 843.

tiff received a benefit by harvesting the crop grown from the seed furnished and planted by defendant for which he was obligated under the doctrine of quasi contract to pay defendant the reasonable value. On motion by plaintiff in the alternative for amended findings or a new trial, an item of $25 for work done by the defendant in sowing the grain was eliminated, thus reducing the amount found due to defendant to $135.25.

In December, 1932, defendant, being then the owner of the farm, conveyed it to the State Bank of Frost and in March, 1933, took a lease from the bank for the year 1933. In March, 1934, plaintiff bought the farm from the trustee of the assets of the bank and in May leased it to defendant for the term from February 28, 1934, to November 15, 1934. In October, 1934, defendant filed a voluntary petition in bankruptcy under the Frazier-Lemke amendment to the bankruptcy act in which he listed the farm as part of his assets, and, being so advised, refused to vacate and surrender possession upon expiration of the lease. Upon motion of plaintiff, the farm was dismissed from the bankruptcy proceedings on March 25, 1935, by the referee. Upon the dismissal of the bankruptcy proceedings as to this land, plaintiff recovered a judgment in unlawful detainer proceedings against the defendant for restitution of the farm. In the meantime, defendant applied to the United States district court for review of the order of the referee in bankruptcy dismissing the bankruptcy proceedings as to the farm and obtained from that court an order restraining plaintiff from enforcing the judgment of restitution in the unlawful detainer action pending review of the referee's order. On May 7, 1935, the United States district court affirmed the order of the referee and vacated the restraining order. During the spring of 1935 and while the proceedings in federal court to determine plaintiff's right to the farm were pending, defendant procured seed oats and barley at a cost to him, and of the reasonable value, of $135.25, and sowed this seed on the land. On May 10, 1935, defendant quit the premises and plaintiff entered. Plaintiff thereafter harvested and kept the crop from the farm.

■ It may be stated that, as a general rule, quasi contractual liability for unjust enrichment is based upon the ground that a

person receiving a benefit, which it is unjust for him to retain, ought to make restitution or pay the value of the benefit to the party entitled thereto. Todd v. Bettingen, 109 Minn. 493, 124 N. W. 443, 444; Peck v. McLean, 36 Minn. 228, 30 N. W. 759, 1 A. S. R. 665; Sammons v. Pike, 105 Minn. 106, 117 N. W. 244; Houston v. N. P. Ry. Co. 109 Minn. 273, 123 N. W. 922, 18 Ann. Cas. 325, reversed on other grounds, 231 U. S. 181, 34 S. Ct. 113, 58 L. ed. 176; Grand Lodge A. O. U. W. v. Towne, 136 Minn. 72, 161 N. W. 403, L. R. A. 1917E, 344; Schultz v. Thompson, 156 Minn. 357, 194 N. W. 884; Seifert v. Union B. & M. Mfg. Co. 191 Minn. 362, 254 N. W. 273; Karon v. Kellogg, 195 Minn. 134, 261 N. W. 861. In Todd v. Bettingen, 109 Minn. 493, 497, 124 N. W. 443, the fundamental theory of unjust enrichment as stated by Lord Mansfield in Moses v. Macferlan, 2 Burr. 1005, 1012, is quoted: "The gist of this kind of action is that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money." In Beauregard v. Orleans Trust Co. 108 Vt. 42, 182 A. 182, the test applied for determining whether there had been unjust enrichment was whether the party could show either legal or equitable ground for retaining the benefit. Retention of a benefit results in enrichment, but not necessarily unjust enrichment. The retention of the benefit must be unjust to give rise to an obligation of restitution or payment. Restatement, Restitution and Unjust Enrichment (Proposed Final Draft, Part I) §§ 1, 2; 7 C. J. S. Assumpsit, Action of, § 9c.

Plaintiff's retention of the alleged benefits "upon the circumstances of the case" is not unjust. The court found that the benefit to plaintiff was the harvesting of the crop grown from seed furnished by defendant. Defendant has no claim to compensation as a matter of strict legal right. The law gives plaintiff absolute title to the crops without any duty of compensating defendant. Growing crops are part of the land, and, whether tenant or trespasser, an occupant's title to growing crops is dependent upon possession of the land, in the absence of special contract. Loss of possession in law terminates his right to the land and the crops. An owner who obtains possession of his land acquires title to all crops growing on

the land at the time, Graceville State Bank v. Hofschild, 166 Minn. 58, 206 N. W. 948; Gunderson v. Hoff, 167 Minn. 413, 209 N. W. 37; Hensler v. Warneka, 169 Minn. 468, 211 N. W. 680; Schuchard v. St. Anthony & Dakota Elev. Co. 176 Minn. 37, 222 N. W. 292; Roehrs v. Thompson, 185 Minn. 154, 240 N. W. 111; Rowell v. Klein, 44 Ind. 290, 15 Am. R. 235; 8 R. C. L. pp. 366-367, §§ 11 & 12; notes, 21 Ann. Cas. 432; 46 L.R.A.(N.S.) 61; without liability to the former occupant as in the case of improvements and similar cases, to pay for their value, and an action cannot be maintained by the latter against the owner to recover the same. Schmidt v. Constans, 82 Minn. 347, 85 N. W. 173, 83 A. S. R. 437; Hunt v. Meeker County A. & L. Co. 135 Minn. 134, 160 N. W. 496; Frear v. Hardenbergh, 5 Johns. (N. Y.) 271, 4 Am. D. 356; Harris v. Bissell, 54 Cal. App. 307, 202 P. 453; Hull, Lanier & Co. v. Carter, 86 N. C. 522; Cosgriff v. Foss, 65 Hun (N. Y.) 184, 19 N. Y. S. 941; Myer v. Roberts, 50 Or. 81, 89 P. 1051, 12 L.R.A.(N.S.) 194, 126 A. S. R. 733, 15 Ann. Cas. 1031; Salley v. Cox, 94 S. C. 216, 77 S. E. 933, 46 L.R.A.(N.S.) 53, Ann. Cas. 1915A, 1111; Kutter v. Smith, 2 Wall. (U. S.) 491, 17 L. ed. 830; Hart v. Hart, 117 Wis. 639, 657, 94 N. W. 890, 897, in which it is said: "The benefit after the term goes to the landlord without compensation to the tenant." It has been held even that a promise by the landlord to the tenant to pay him for a betterment placed upon the property by the tenant or a growing crop planted by him and growing thereon, which became the landlord's upon the termination of the tenancy, is without consideration and void. Critcher v. Watson, 146 N. C. 150, 59 S. E. 544, 545, 18 L.R.A.(N.S.) 270, 125 A. S. R. 470; Frear v. Hardenbergh, 5 Johns. (N. Y.) 271, 4 Am. D. 356. In Critcher v. Watson, 146 N. C. 150, 152, 59 S. E. 544, 18 L.R.A.(N.S.) 270, 125 A. S. R. 470, the rule is rather tersely stated: "A landlord cannot be 'improved' into a liability for improvements put upon his property by the tenant without authority."

Neither does defendant have any claim in conscience and equity. Plaintiff was not guilty of any inequitable conduct. He acquired the crops involuntarily. Prior to any of the acts resulting in the alleged benefits, plaintiff recovered a judgment against defendant

for restitution of the premises which he would have enforced but for defendant's injunction. The injunction did not give defendant any rights as an occupant of the land except that it prevented plaintiff from enforcing his judgment for restitution. Roehrs v. Thompson, 185 Minn. 154, 240 N. W. 111; Myer v. Roberts, 50 Or. 81, 89 P. 1051, 12 L.R.A.(N.S.) 194, 126 A. S. R. 733, 15 Ann. Cas. 1031. Plaintiff, by obtaining restitution, would have prevented the acts of defendant from which he claims plaintiff's benefits resulted. Defendant forced the benefits upon plaintiff by acts in violation of plaintiff's rights, against his will and efforts to prevent them. One has a right to decline to permit another to perform acts on his account. A party is not liable *quasi ex contractu* for benefits forced upon him. In Schroeder v. De Graff, 28 Minn. 299, 301, 9 N. W. 857, 858, we said that the owner of land was not liable for improvements made by trespassers, because so to hold "would compel him [the landowner] to pay for a supposed benefit forced upon him by the wrongful act of the defendants." That is this case. Such benefits are the result of "voluntary interference" upon which we held a claim *quasi ex contractu* cannot be predicated. Karon v. Kellogg, 195 Minn. 134, 136, 261 N. W. 861. Other authorities in accord are 5 C. J. 1385; Keith v. De Bussigney, 179 Mass. 255, 60 N. E. 614; Hodgkins v. Bowser, 195 Mass. 141, 80 N. E. 796; New York Cent. R. Co. v. Sturtevant & Haley B. & S. Co. 236 Mass. 16, 127 N. E. 509. The rule has been applied under similar circumstances in holding that a tenant had no equitable claim against the owner of the land for growing crops thus acquired by the owner. Roehrs v. Thompson, 185 Minn. 154, 240 N. W. 111; Frear v. Hardenbergh, 5 Johns. (N. Y.) 271, 4 Am. D. 356. One cannot be said to be unjustly enriched by retaining benefits involuntarily acquired which law and equity give him absolutely without any obligation on his part to make restitution or payment.

No claim is made that the value of the land was enhanced by the benefits. They can be considered only for that purpose in determining damages. Here the claim is personal against the owner for their reasonable value. To deduct them from his dam-

ages is to hold indirectly that he is liable. This is not permissible. Schroeder v. De Graff, 28 Minn. 299, 9 N. W. 857.

Plaintiff is entitled to judgment without any deductions by way of counterclaim or mitigation of damages.

Reversed with directions to the court below to modify its order for judgment in accordance with this opinion.