## JOHN HANCOCK MUT. LIFE INS. CO. v. DAMERON.

### No. 2134.

Court of Civil Appeals of Texas. Waco.

July 13, 1939.

Jake Tirey and Gene Maddin, both of Waco, and ·Geo. A. Titterington, of Dallas, for appellant.

W. V. Dunnam and F. M. Fitzpatrick, both of Waco, for appellee.

GEORGE, Justice.

This suit ·was instituted by E. M. Dameron to recover the value of an oat crop grown on 25 acres of land alleged to have been converted on or about June 12, 1936, by John Hancock Mutual Life Insurance Company. The case was tried before the judge and a jury and judgment was rendered on the jury's verdict in favor of E. M. Dameron for the alleged value of the oat crop. Appellant says that the evidence shows as a matter of law that it did not convert to its use any oats belonging to appellee.

A. L. Mills and wife, Sallie Nora Mills, conveyed 49 acres of land out of the George H. Roberts survey to R. C. Mills on March 20, 1926. R. C. Mills and wife, Olivia Mills, executed a deed of trust on said tract of land on March 31, 1926. The land was sold under the power contained in the deed of trust to John Hancock Mutual Life Insurance Company on May 7, 1935. John Hancock Mutual Life Insurance Company, on January 13, 1936, filed suit in the United States District Court, Western District of Texas at Waco, against A. L. Mills, R. C. Mills, Olivia Mills, Seth P. Mills, Leonard H. Mills, Lucille Szanto, W. F. Szanto, and Frances Dameron and husband, Eugene Dameron, for the title and possession of the 49 acre tract of land. A. L. Mills, R. C. Mills, and Olivia Mills filed a disclaimer in that cause but Seth P. Mills, Leonard H. Mills, Lucille Szanto and husband, W. F. Szanto, and Frances Dameron and husband, Eugene Dameron, filed their answer to the bill of complaint and directly joined issue to the title and possession of the 49 acre tract of land. That court, after notice, answer and hearing, on March 20, 1936, pronounced its judgment that the complainant, John Hancock Mutual Life Insurance Company, have and recover of and from the defendants, Seth P. Mills, Leonard H. Mills, Lucille Szanto and husband, W. F. Szanto, and Frances Dameron and husband, Eugene Dameron, the title and possession of the 49 acre tract of land and directed that its writ of possession and such other and appropriate writs as may be necessary to the proper enforcement of the decree issue. Writ of possession issued April 24, 1936, commanding the marshal of the Western District of Texas to deliver to John Hancock Mutual Life Insurance Company the possession of the 49 acres of land and same was returned and filed in the United States District Clerk's office on May 8, 1936. The writ recited that it had been duly executed and that John Hancock Mutual Life Insurance Company had been put in possession of said 49 acres. All parties throughout the trial of the case admitted. that no attack whatever was being made upon that judgment and that the same was in full force and effect.

Dameron testified that he had lived across the road from the 49 acre tract of land in the home of his father-in-law, A. L. Mills, since 1930; that John Hancock Mutual Life Insurance Company sued him and his wife and others in the Federal Court in January, 1936, for the title and possession of the 49 acres of land; that he employed counsel and defended; that he knew that the suit had gone against them; that he did not own any interest in the property; that the only right he claimed to sow the land to oats was that his father-in-law, A. L. Mills, had rented it to him; that he did not go to see John Hancock Mutual Life Insurance Company about renting the land for 1936, nor did they come to see him; that A. L. Mills worked the place in 1935, but that he did not know what kind of arrangement Mr. Mills had with John Hancock Mutual Life Insurance Company; that he, in the latter part of January or the early part of February, 1936, raked the corn stalks and drilled in oats on about 25 acres of the 49 acre tract; that it was his intention at the time he planted the crop to pay rent to the John Hancock Mutual Life Insurance Company; that he, in June, 1936, cut and shocked the oats; that Mr. Jarrett of the John Hancock Mutual Life Insurance Company came out the next day with trucks and got the oats; that he had never seen Mr. Jarrett prior to that time. Mr. Jarrett tes-

tified that he did not know the oats had been planted; that the land was not cultivated in 1936, and that it was not rented for that year because it was in litigation until too late to rent for the purpose of making a crop; that he saw the land once prior to the time of the harvesting of the oats; that he saw the oats growing but that he did not know who had planted them; that they were very poor oats and had a great deal of Johnson grass; that the first time he ever saw and spoke to Mr. Dameron as far as he knew was when he went to get the oats; that Mr. Dameron did not offer to pay rent; that he saw the oats the second time when they were being shocked after having been cut; that he asked A. L. Mills who was doing it and Mr. Mills said he did not know; that he came back to Waco and got in touch with the Dallas office of the John Hancock Mutual Life Insurance Company and told them somebody was cutting the oats and asked for instructions, and that they told him to take them off of the premises; that he went by the farm that day by accident; that he went out the next day with trucks and got the oats; that he had no notice that Mr. Dameron was claiming the oats until the day he went out to get them; that there was no house on the 49 acre tract.

The language of the United States District Court judgment of March 20, 1936, is clear and simple and affirmatively shows that the issues of title and possession were determined. That judgment is conclusive of such matters between Dameron and John Hancock Mutual Life Insurance Company until set aside in a direct proceeding brought for such purpose in that court. Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 111 A.L.R. 1152; Carter v. Bacle, Tex.Civ.App., 94 S.W.2d 817; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242.

The testimony of Dameron when analyzed shows that he does not contend that he rented the 49 acre tract of land for 1936 from appellant or any of its agents, or that appellant or any of its agents by any act led him to believe that he could work the land or any part thereof as a tenant for the year 1936, or that appellant or any of its agents knew about his planting the oats and claiming any right in them prior to the day of their removal, or that appellant or any of its agents, after receiving notice of his claim, remained silent, or that he relied on any conduct of appel-

lant or any of its agents in performing any labor or incurring any expense or that he planted, cut and shocked the oats with the knowledge of appellant or any of its agents, or that he attempted to cultivate any other portion of the 49 acre tract of land, or that he performed any of his acts in connection with the planting and harvesting of the oats in good faith, believing that he had rented the land from appellant or that it was willing for him to cultivate any portion of the land in oats, or that it had said or done anything that would induce him to believe that it would be satisfactory with it for him to cultivate the land.

His testimony further shows that he, prior to planting the oats, knew that appellant was claiming that he and all other parties made defendants in the case in the District Court of the United States were trespassers, without right to either interest in or possession of the land, and that appellant was taking available lawful means to dispossess him and the other defendants in that suit. His pleadings in the United States District Court show that he, at the time of planting the oats, was claiming the right to possession of the land by reason of an asserted interest therein in his wife, and that he was denying the averred claims of appellant both as to right of ownership and possession, and not as one who was willing to attorn unto the true owner thereof. He could not, under the circumstances of this case, be both part owner of the land and tenant of appellant. The evidence further discloses that appellant at all times openly and in open court spoke its objection to appellee's possession of said land in any capacity, and that it in its effort to get possession of the land used the methods provided by the Constitution of the United States and Texas and the Acts of Congress and the Legislature enacted in pursuance thereof.

The record shows conclusively that Dameron was neither the owner of nor entitled to the oats. That the growing oats, under the judgment of March 20, 1936, passed to appellant and that it never did anything thereafter to divest its title in and to the oats. Love v. Perry, Tex.Civ. App., 111 S.W. 203; Pinchback v. Swasey, Tex.Civ.App., 194 S.W. 446.

The judgment of the trial court is reversed and judgment is here rendered that appellee, E. M. Dameron, take nothing by his suit as against the appellant, John Hancock Mutual Life Insurance Company.