Taylor, Chief Justice.
 

 It is very evident that the testator’s having said that the defendant should nevei* pay any part of the note was not obligatory on him, unless it was founded on a consideration yielding a benefit to him, or attended with trouble or prejudice to the defendant. The motives inducing him to make this declaration are of different characters, and should have been discriminated to the jury according to their legal opera» tion. The testator’s having induced the defendant to purchase the land, by which he became involved, does not form a valid consideration; for understanding it as pro
 
 *558
 
 ceeding from advice honestly given, although the event might hav e been unfortunate, lie thereby incurred no moral obligation, and such a promise could not become le-gaily obligatory on him. ITis having brought the defendant’s blacksmith to Warrenton against the
 
 wishes
 
 of his master, is subject to the same construction, for the testator must be understood, from the statement of the evidence, to have acted according to the best of his judgment for the defendant’s interest, and as it does not appear that it was done against the consent of his owner, the accident of the negro’s death could not make the testator liable either in law or conscience. The promise not to require payment of the note, so far as it was founded on these two considerations, was perfectly gratuitous, and could only be enforced by applying to the feelings and bounty of the testator, but could in no view be made the subject of an action. But he farther acknowledged that the defendant had rendered him many valuable services, and had delivered him various articles of produce. These would form the proper subject of a sett-off, could their amount be ascertained. May not the credit on the note have been in part for them ? That these alone did not, in the testator’s opinion, amount to a full payment of the note seems certain from his adding the other motives to them. The true inquiry for the jury to have made, was, whether the note had been paid off in the whole or in part, or whether the testator had promised that he would not require payment 01. such considerations as were valid in law. ’¿’he first was plainly a question of fact; and on the latter the jury should have been instructed, that all the considerations were insuilic lent, except the produce delivered and the services performed.
 

 In this opinion the other judges concurred.
 

 Judgment reversed.