GEORGE MEDLOCK v. ROBERT POWELL.

*Gift of Personal Property—Delivery.*

1. In order to perfect a gift of personal property, there must be an actual delivery, if the nature of the property will admit of an actual delivery, and if not, then some act must be done equivalent to actual delivery, and which will have the effect to pass the title to it.

2. So where a father said to his son that he might have a certain colt, if he would raise it, and there was other evidence tending to show that the father intended that the son should have the colt, but there was no evidence to show a delivery; *It was held*, that the property did not pass, and the colt belonged to the father.

(*Picot* v. *Saunderson*, 1 Dev., 309; *Adams* v. *Hayes*, 2 Ired., 361; *Brewer* v. *Harvey*, 72 N. C., 176; cited and approved).

CIVIL ACTION, tried before *Montgomery, Judge*, and a jury, at Fall Term, 1886, of BURKE Superior Court.

The plaintiff brought this action to recover possession of a mule, which he alleges is his property. On the trial, the evidence in substance was, that while the plaintiff was under age, living and working with and for his father on his farm, the latter said to him on one occasion, that "he might have the colt if he would raise it." After that, the plaintiff claimed the colt, but it remained with the father's horses, and was fed with them. The father, with the consent of the plaintiff, exchanged the colt for the mule in controversy, which was put upon the farm, the plaintiff claiming and using it when he saw fit, but it was used by the father for his purposes on the farm, and when the father left home in 1881, not to return, on account of some domestic trouble, he took the mule with him and kept it two or three years, and until his death. The plaintiff never took the colt or the mule from the farm of the father, though he left himself. The father said, perhaps more than once, that the mule was the plaintiff's. On more than one occasion, persons wanted to hire the mule, and the father referred them to the plaintiff, saying, "if he will let you have it, all right," and the plaintiff received the hire. There was no evidence that the plaintiff ever made demand of the father for the mule.

The Court, upon the evidence, intimated the opinion that the plaintiff could not recover. Thereupon, the plaintiff submitted to a judgment of *nonsuit*, and appealed to this Court.

*Mr. Isaac T. Avery* filed a brief for the plaintiff.
*Mr. S. J. Ervin*, for the defendant.

MERRIMON, J., (after stating the facts).    A gift of personal property is voluntary and without consideration, and it is essential that the property shall be delivered to the person to whom it is granted, or to some person for him.   The delivery must be actual, so far as the subject of the gift in its nature is capable of delivery.   If actual delivery cannot be made, then some act equivalent to it must be done in connection with or about the property given, that has the legal effect to pass the title to it.   The donor must part with his dominion over it, in a way effectual to transfer it to the person to whom the gift is made.   Hence, it is not sufficient, to make a valid gift, that one intends to give a particular piece of property, as a horse, to his son, or another person, that he declared his purpose to do so ; that he said the horse belonged to his son ; that he so said to divers persons ; that members of the family understood that he had so given the horse ; and that he had said that the son might do as he wished with it, and the like expressions.   There can be no gift without delivery.   *Picot* v. *Saunderson*, 1 Dev., 309 ; *Adams* v. *Hayes*, 2 Ire., 361 ; 2 Kent Com., 439 ; Williams on Personal Property, 33 ; *Brewer* v. *Harvey*, 77 N. C., 176.

The evidence in this case tended to prove no more than that the father intended for some time to give the colt mentioned in the evidence to the plaintiff, his son.   The latter, no doubt, thought he had done so ; the family may have so believed, but this, as we have seen, was not sufficient.   There was no evidence that the purpose to make the gift was accompanied with actual delivery.   There is nothing going to show that the colt being present, the father, by some act intended for that purpose, parted with the actual possession of and dominion over it, and delivered and transferred the same to the plaintiff.   Nor were facts in evidence from which

this might be reasonably inferred. When the father said, "The colt is George's," he obviously meant no more than that he had simply said so. He did not mean to say, he had delivered the colt to the plaintiff, and parted with all his right to it. And so of the mule; the father did not understand that he had parted with the colt first, and afterwards with the mule substituted for it. He treated them as his own, while encouraging his son to believe that he had a right to them, that should at some time be made perfect, which, so far as appears, never was done. Indeed, the father seems to have changed his purpose to perfect the gift, for he took the mule for himself, and kept it for several years, until he died, the plaintiff making no demand upon his father for it. But if the father had believed that he passed the title by what he did, this would not be sufficient without delivery.

We think the Court properly held that there was no evidence of delivery to go to the jury.

There is no error, and the judgment must be affirmed. No error.                                    Affirmed.