This is an action brought by Ernest Askew, guardian of Rosa Askew and Sallie Askew, against J. H. Matthews, administrator of Eliza Hoggard, to recover two notes of $1,250 and $500, respectively, and one-half interest in a note for $2,000. The notes (188) sued for were the property of Eliza Hoggard during her lifetime. It was contended by plaintiff that at the time of her death, they were in possession of plaintiff and were the property of plaintiff's wards, having been given to them by Eliza Hoggard prior to her death.
Issues were submitted to the jury and answered as follows:
1. Did the deceased Eliza Ellen Hoggard in her lifetime give and *Page 202 
devise to plaintiff's wards the notes described in the complaint? Answer: "No."
2. If so, did the said Eliza Ellen Hoggard at the time thereof have mental capacity sufficient to make such gift? Answer: ...............
3. Is the plaintiff the owner of the notes sued for in this action and entitled to the possession thereof? Answer: "No."
The evidence for the plaintiffs tended to prove that Eliza Hoggard, about ten days before her death, told the plaintiff Ernest Askew to take the notes in controversy from her trunk and keep them for the benefit of Rosa and Sallie Askew, and that he did so, and the evidence of the defendant was that no such conversation took place, and that the said Hoggard did not give the notes to the plaintiffs.
During the progress of the trial, the defendant was permitted to introduce a deposition taken by the plaintiffs prior to the August Term of court, but which was not filed with the clerk until after said term.
The plaintiffs objected to the introduction of the deposition upon the ground that it ought to have been returned to the August Term of court. The objection was overruled, and the plaintiffs excepted.
His Honor charged the jury, among other things, as follows:
"If you find that this transaction occurred as plaintiff contends, then the question will be: Did Eliza Ellen Hoggard intend for the gift to take effect at once, in any event, immediately? If so, it was a gift, and the plaintiff would be entitled to recover; but if she did not so intend, and only intended for it to be effective after her death, retaining the right to recall it during her life, then it would not be a gift, for that would be making a will."
To this part of the charge the plaintiff excepted.
"Bear in mind that one can give a thing to one person, intending it to take effect at once, but to be by that person held and delivered after death of the donor. So if Eliza Ellen Hoggard gave the notes to Askew, intending the gift to them to take effect at once, and told him to keep them and give them to his children when she died, that would be a valid gift, and you should so find, because all right and title passed. Miss Hoggard had the right to constitute Askew her agent to keep these papers and to deliver them to his children after her death. (189) To hold the notes absolutely for the children, the title must have passed at that time with the possession. Whether a gift or not was intended depends on what was said and done by her at the time, and that is what you are to try. The burden is upon the plaintiff to satisfy you by the greater weight of the evidence that this transaction occurred as plaintiff claims it occurred; that she told him to take the notes for his children, and at that time she made the gift *Page 203 
to take effect at once and not in the future, and that she simply created him her agent to hold the notes and to deliver them to the children at her death or at some future time. If you are so satisfied from the evidence and by its greater weight, you will answer the first issue `Yes,' but if plaintiff has failed to so satisfy you, then you will answer the issue `No.'"
Judgment was rendered on the verdict in favor of the defendant, and the plaintiffs appealed.
The objection to the introduction of the deposition cannot be sustained.
It was held more than eighty years ago in Duncan v. Hill, 19 N.C. 291, that a deposition need not be made returnable to the next term of court, and the statute has not since been amended to require it to be returned to any particular term.
It is desirable and best for the deposition to be sent to the clerk at once upon its completion, and in the event of unreasonable delay, the court can, upon proper application, compel the commissioner to make return.
The objection, which is in substance a motion to quash or reject the deposition for irregularity, was also made during the progress of the trial, and not before it was begun, which is not permitted by our statute, Rev., secs. 1647-8.
The charge of his Honor is in accordance with the precedents here and elsewhere. "Delivery is essential to a gift of personal property, . . . whether it be inter vivos, or mortis causa. This means passing over the property with intent to transfer the right and the possession of the same. Newman v. Bost, 122 N.C. 524; Wilson v. Featherstone,122 N.C. 747; Medlock v. Powell, 96 N.C. 499"; Duckworth v. Rorr,126 N.C. 676, approved in Patterson v. Trust Co., 157 N.C. 14, where the Court says: "The authorities in this State are in full support of the position contended for by defendant, that in order to a valid gift of personal property, there must be an actual or constructive (190) delivery with the present intent to pass the title," citing the above cases and Adams v. Hayes, 24 N.C. 361, and Gross v. Smith,132 N.C. 604.
No error.
Cited: In re Tart, 180 N.C. 106; Thomas v. Houston, 181 N.C. 93; Parkerv. Mott, 181 N.C. 439; Buffaloe v. Barnes, 226 N.C. 318; Sinclair v.Travis, 231 N.C. 352. *Page 204