In re FLONNIE MAY TART, Administratrix of P. G. A. TART, Deceased.

(Filed 29 September, 1920.)

**Gifts—Causa Mortis.**

> A death-bed statement by a dying person that he wanted his wife to have his store or stock of merchandise, with something vague said about her having the income; that when his wife told him to tell a bystander what he wanted and he would fix it; he replied, "I have waited too long," is insufficient to evidence the intent of the person dying to transfer the possession by delivery, so as to make a gift to the wife *causa mortis*. *Askew v. Matthews*, 175 N. C., 187, cited and applied.

Proceeding before *Connor, J.*, at Fall Term, 1920, of Harnett, upon this issue:

"Did the deceased, P. G. A. Tart, in his lifetime give to his wife, Flonnie May Tart, the store property described in the papers in this proceeding?"

The court held that the administratrix had failed to show title to the property, rendered judgment for the defendants, the distributees, and directed a distribution of the proceeds of sale of the stock of goods in controversy, together with the other personal property of the deceased, according to the statute of distributions.

The widow, Flonnie May Tart, appealed.

*E. F. Young and Godwin & Williams for plaintiff.*
*Clifford & Townsend for distributees, defendants.*

Brown, J. The plaintiff is the second wife and widow of P. G. A. Tart, who died in spring of 1917 intestate, leaving defendants, children by his first wife, his heirs at law, and, together with plaintiff, his distributees.

The plaintiff, widow, qualified as administratrix and filed her inventory of his personal property, which consisted for the most part of a stock of general merchandise, inventoried at something over $3,000. The widow claims the stock of merchandise under what she alleges to be a gift from her husband on his death bed. His Honor dismissed her claim at the close of her evidence upon the ground that there was not sufficient evidence of the gift, and especially of the delivery, to sustain her claim.

The evidence, in its most favorable light to the claimant, shows that on his death bed, an hour or so before his death, he called for a pencil and stated that he wanted Flonnie to have the store and its income; that he said something about income, but witness could not understand what he said; that he told his nephew, Loftin Tart, that times were critical now and to his wife, "I want to make you a right to the store property."

Witness said that there was a good deal of his talk that he could not catch the exact meaning. His wife told him to tell Loftin Tart what he wanted and he would fix it, and the dying man said, "I have waited too late."

There is abundant evidence signifying that the intestate desired his wife to have the stock of goods in the store building, but not enough to show an actual or constructive delivery. The goods were not present within the reach or vision of deceased. There is nothing in the evidence to justify a finding that there was any kind of delivery. There is no declaration or other evidence upon which to base a constructive delivery.

In order to constitute a valid gift of personal property there must be an actual or constructive delivery with the present intent to pass title.

As said by *Justice Allen* in his instructive opinion in *Askew v. Matthews,* 175 N. C., 187: "Delivery is essential to a gift of personal property, whether it be *inter vivos* or *mortis causa.* This means passing over the property with intent to transfer the right and the possession of the same." *Newman v. Bost,* 122 N. C., 524; *Wilson v. Featherstone,* 122 N. C., 747; *Medlock v. Powell,* 96 N. C., 499; *Duckworth v. Orr,* 126 N. C., 676, approved in *Patterson v. Trust Co.,* 157 N. C., 14.

Affirmed.