H. S. THOMAS, EXR., v. HATTIE HOUSTON ET AL.

(Filed 16 March, 1921.)

**1. Gifts—Causa Mortis.**

To establish a gift *causa mortis,* it must be shown that the donor intended the transfer of the subject-matter and a present actual or constructive delivery thereof, in the contemplation by the donor of his death from a present illness or some immediate peril.

**2. Same—Inter Vivos—Intent—Delivery.**

Evidence that the donor had deposited money in the bank and had received a certificate therefor, payable to the order of himself, or his wife, and had deposited the certificate in his wife's trunk among his valuable papers, when he was in good health and attending to his business, is insufficient to establish a gift of the money to his wife, either *causa mortis* or *inter vivos,* and evidence that at the time he had stated to the cashier that he desired his wife to have the money in case of his death, and especially without having communicated this intent to his wife, and without further evidence of delivery, was insufficient.

**3. Gifts—Inter Vivos—Intent—Delivery.**

To constitute a valid gift *inter vivos,* there must be a donative intent and a present unconditional delivery to the donee or some one for him, making a completely executed transfer to the donee of the present right of property and its possession.

**4. Same—Nudum Pactum.**

To constitute a gift *inter vivos,* it is necessary to show a delivery as well as a donative intent, and without a present actual or constructive delivery it is only a promise of a gift, without consideration, and unenforcible.

**5. Same—Causa Mortis.**

The chief distinguishing characteristics between a gift *inter vivos* and one *causa mortis,* are that the former is absolute, and the latter is revocable and takes effect *in futuro,* and in each instance it is necessary to show both the present intention to make the gift and the delivery of the thing given.

**6. Wills—Interpretation—Money on Deposit—Certificates of Deposit—Evidence.**

As to whether a certificate of deposit will pass under a bequest in a will of "money on hand," quere? and: *Held,* this interpretation will not pre-

vail when a contrary purpose is quite apparent; and evidence of the declaration of the testator of what he wanted done with the money in the bank, is incompetent.

APPEAL by defendant, Hattie Houston, from *Connor, J.,* at November Term, 1920, of DUPLIN.

Civil action, brought to determine the ownership of $1,500 deposited in the Bank of Beaulaville by plaintiff's testator on 26 February, 1917, taking from the bank a certificate of deposit in words and figures as follows, to wit:

BEAULAVILLE, N. C., 26 February, 1917.

This is to certify that R. C. Houston has deposited with the Bank of Beulaville fifteen hundred dollars, payable in current funds to the order of himself or wife, Hattie Houston, on return of this certificate properly indorsed, with interest at 4 per cent per annum if left three months.

No interest after one year unless renewed.

(Signed)   A. L. CAVENAUGH, *Cashier.*

The cashier of the bank testified that at the time of this deposit the deceased stated "he wanted to deposit it on interest so that in case he died, leaving the money in the bank, his wife, Hattie Houston, could get it." There was also evidence tending to show that R. C. Houston, the deceased, on the date of issuance of said certificate of deposit, placed the same in his wife's trunk, where his deeds, notes, and other valuable papers were kept.

The deceased also left a will, from which it appears no specific disposition was made of this certificate of deposit as such, and the residuary legatees, save the appellant, contend that this item would pass under the residuary clause.

His Honor, being of opinion that the evidence was insufficient to establish a gift to Hattie Houston, instructed the jury to answer the issue of ownership in favor of the plaintiff. From the verdict thus rendered, and judgment thereon, the defendant, Hattie Houston, excepted and appealed.

*Gavin & Blanton for appellant.*
*H. D. Williams for appellees.*

STACY, J. The appellant in her brief takes the position that under the evidence offered his Honor should have submitted to the jury the question as to whether the certificate of deposit would pass to her as a gift *causa mortis.* We do not think this position tenable. To constitute a gift *causa mortis* not only is an intentional transfer and actual or constructive delivery necessary, but it must be made in view of impending dissolution, or in contemplation of death from a present illness or

some immediate peril. 12 R. C. L., 962; *Patterson v. Trust Co.,* 157 N. C., 13; *Newman v. Bost,* 122 N. C., 524, and *Wilson v. Featherston,.* 122 N. C., 750. As very tersely and succinctly stated in *McCord v.. McCord,* 77 Mo., 166: "To constitute such a gift, it must be made in the last illness of the donor, or in contemplation and expectation of death. There must be a delivery of the subject by the donor, and it is. 'defeasible by reclamation, the contingency of survivorship, or deliverance from peril.' (2 Kent Com., 444.) It must be a delivery as a gift,. and such a delivery, as in case of a gift *inter vivos,* would invest the donee with the title to the subject of the gift."

In the instant case, there is no evidence of any intentional gift accompanied by an actual or constructive delivery during the last illness of the deceased. He was up and about his business at the time the money was placed in bank; and there is no evidence that anything transpired between him and his wife with respect to this certificate of deposit subsequent to the date of its issuance which would amount to a valid transfer. It does not appear that any delivery was ever made to the appellant. It is true the certificate was placed in her trunk, where her husband kept his deeds and other valuable papers, but there is no evidence of any intention to thus deliver it to her. Under the circumstances it is not even clear that it was in her possession. Even if it were, delivery and possession are two different things. Possession may be had where no delivery has been made; but there can be no valid delivery unless possession, actual or constructive, accompanies it. *Whalen v. Milholland,* 89 Md., 199.

Around every other disposition of the property of the dead the Legislature has thrown safeguards, and wisely so. Around this mode (*donatio mortis causa*) the requirement of actual or constructive delivery is the only substantial protection which the law affords, and the courts should not weaken this salutary requirement and wise precaution by permitting the substitution of convenient and easily proven devices. *Keepers v. Fidelity Co.,* 56 N. J. L., 302.

On the other hand, we do not think the evidence sufficient to warrant. a finding of a gift *inter vivos.* Not only must there be a donative intent, but delivery is an indispensable requisite to such a gift under our law. *Gross v. Smith,* 132 N. C., 604. It cannot be made to take effect in the future. *Minor v. Rogers,* 40 Con., 512; *Askew v. Matthews,* 175 N. C., 187. This would amount only to a promise or an agreement to make a. gift. *Spencer v. Vance,* 57 Mo., 429. "To constitute a valid gift *inter vivos,* there must be an intention to give and a delivery to the donee, or to some one for him, of the property given. An intention of the donor to give is not alone sufficient. The intention must be executed by a complete and unconditional delivery. Neither will a delivery be suffi-

cient unless made with an intention to give. The transaction must show a completely executed transfer to the donee of the present right of property and the possession. The donee must become the owner of the property given." *Harris Banking Co. v. Miller,* 1 L. R. A. (N. S.), 790.

It has been held that a deposit under an agreement which preserves to the depositor the right to deal with the deposit for his own benefit, but which provides that upon his death any balance standing to his credit shall be paid to the donee, though accompanied by a delivery of the deposit book to the donee, does not constitute a valid gift *inter vivos. Stevenson v. Earl,* 65 N. J. Equity, 721. A gift is incomplete if the donor "retain the dominion, or if there remain to him a *locus penitentiae,* . . . there cannot be a perfect and legal donation." *Murray v. Cannon,* 41 Md., 466. See, also, *Schippers v. Kempkes,* 12 L. R. A. (N. S.), 355, and note.

The chief distinguishing characteristics between a gift *inter vivos* and one *causa mortis* are that the former is absolute and takes effect *in praesenti,* while the latter is revocable, and takes effect *in futuro.*

Upon the record there is no evidence tending to show any surrender, during the lifetime of the deceased, of his dominion or control over the deposit in question. Without such surrender and actual or constructive delivery to the donee, a parol gift, in law, is but a promise to give, which, being without consideration, is not obligatory. *Picot v. Sanderson,* 12 N. C., 309. "A transfer of the property is required, and an intention to give is not a gift." *Adams v. Hayes,* 24 N. C., 361.

Furthermore, there is no evidence to support the conclusion that the deceased, during his lifetime, had promised his wife that she might have the money which he had placed in bank. The only competent testimony tending to show what disposition R. C. Houston wished to make of this particular deposit, in the event he died leaving it in the bank, comes from the cashier of the Bank of Beaulaville, and the record is silent as to whether such desire was ever communicated to appellant during the lifetime of her husband. Hence there is not sufficient evidence to show an intention to make the gift, and a delivery of the thing given. Without both of these prerequisites there can be no gift *inter vivos* or *causa mortis. Newman v. Bost, supra; Medlock v. Powell,* 96 N. C., 499.

There are some decisions in our own reports, and elsewhere, to the effect that a certificate of deposit or money in bank will pass by will under the designation of "money on hand," where it clearly appears that such was the intention of the testator; but in the instant case a contrary purpose is quite apparent. All the facts and circumstances lead to a different conclusion. The testimony of the witness Potter that the testator had told him, prior to the execution of his will, what he wanted done with the money in bank was incompetent, and should have been excluded. Wills are made by testators, not by witnesses.

From the foregoing it follows that his Honor was correct in charging the jury to answer the issue, with respect to the ownership of the certificate of deposit, in favor of the executor.

After a careful examination of the entire record, and the defendant's exceptions and assignments of error, we think the ruling as indicated should be sustained.

No error.