### C. C. STONESTREET v. SOUTHERN OIL CO.

(Filed 10 April, 1946.)

**1. Contracts § 5—**

> Consideration in the law of contracts is some benefit or advantage to the promisor, or some loss or detriment to the promisee. A mere promise, without more, lacks consideration and is unenforceable.

**2. Same—Plaintiff's evidence held to show want of consideration to support defendant's promise, and nonsuit was proper.**

> Plaintiff leased and optioned certain lands to defendant. Thereafter the parties had a well dug on the property under a written agreement that each should pay one-half the cost, and each satisfied this agreement. Defendant later exercised the option. Plaintiff instituted this action to recover the one-half cost of digging the well borne by him, alleging that at the time of executing the written agreement defendant verbally agreed to so reimburse him in the event defendant exercised the option. Plaintiff testified on cross-examination that while the well was being dug, defendant's representative came to the premises and promised plaintiff to reimburse him if the option were exercised. *Held:* Upon plaintiff's testimony the agreement to reimburse was a mere naked promise, unsupported by consideration, and defendant's motion for judgment as of nonsuit should have been allowed.

APPEAL by defendant from *Armstrong, J.,* at August Term, 1945, of CABARRUS.

Civil action to recover one-half cost of digging well on land leased and optioned by plaintiff to defendant, which the defendant later purchased by exercising option.

On 24 October, 1934, the plaintiff and his wife leased to the defendant a lot for a filling station on the Kannapolis-Concord Highway for a term of ten years with privilege of buying at any time during the term of the lease at a price of $5,000. The lease contained the following stipulation: "Said Stonestreet and wife agree to furnish Lessee with water for the station insofar as they are able to do so with their present water supply. In case said Lessor's well fails to supply ample water, they are not to be responsible, and the Lessee will be required to make their own arrangements for securing water."

In June, 1935, the lessee needed more water; whereupon plaintiff and defendant engaged C. W. Fisher to drill a well on the premises, each agreeing to pay one-half the cost. The Southern Oil Company paid its half, amounting to $329.00, and the plaintiff credited Fisher with a like amount on his grocery bill.

It is alleged that at the time C. W. Fisher was engaged to drill the well, under a written contract signed by all the parties, it was further agreed orally between plaintiff and defendant that if the lessee exercised its option to buy the premises the defendant "would repay the plaintiff his one-half paid for boring said well, but if the defendant did not exercise the option to buy, then the well would belong to plaintiff and he would not be reimbursed the one-half he had paid."

The defendant denied the alleged oral agreement, and pleaded the statute of frauds, satisfaction by the deed of conveyance, and no consideration for the alleged oral agreement to reimburse the plaintiff.

On cross-examination, the plaintiff testified as follows:

"While they were digging the well Mr. Brinson (defendant's representative) came down and talked to me and promised me, in the event he took the property under the option in the lease to pay me back whatever I put into it. He promised to pay me back the $329.00 if he exercised the option. I did not give him anything in money, or property, or make any promises in return for his promise to pay me back my one-half the cost of digging the well. I did not promise him any money, didn't give him any money, I didn't think I had to. I thought he was an honest man."

There was a verdict and judgment for plaintiff, from which the defendant appeals, assigning errors.

*Hartsell & Hartsell for plaintiff, appellee.*
*Julian C. Franklin for defendant, appellant.*

STACY, C. J. Passing the initial pleas of the statute of frauds and satisfaction by the deed of conveyance when the defendant exercised its option, it would seem that under the facts appearing of record as distinguished from the allegations of the complaint, the defendant's plea of no consideration has been made out and constitutes a bar to the plaintiff's case. *Craig v. Price,* 210 N. C., 739, 188 S. E., 321; *Williams v. Chevrolet Co.,* 209 N. C., 29, 182 S. E., 719; *Hatchell v. Odom,* 19 N. C., 302.

It may be stated as a general rule that "consideration" in the sense the term is used in legal parlance, as affecting the enforceability of simple contracts, consists of some benefit or advantage to the promisor, or of some loss or detriment to the promisee. *Exum v. Lynch,* 188

N. C., 392, 125 S. E., 15; *Cherokee County v. Meroney,* 173 N. C., 653, 92 S. E., 616; *Institute v. Mebane,* 165 N. C., 644, 81 S. E., 1020; *Findly v. Ray,* 50 N. C., 125. It has been held that "there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not." 17 C. J. S., 426; *Spencer v. Bynum,* 169 N. C., 119, 85 S. E., 216; *Basketeria Stores v. Indemnity Co.,* 204 N. C., 537, 168 S. E., 822; *Grubb v. Motor Co.,* 209 N. C., 88, 182 S. E., 730, and cases cited. On the other hand, a mere promise, without more, lacks a consideration and is unenforceable. 17 C. J. S., 434-435.

It is said that when one receives a naked promise and such promise is not kept, he is no worse off than he was before the promise was made. He gave nothing for it, loses nothing by it, and upon its breach he suffers no recoverable damage. *Mitchell v. Bell,* 1 N. C., 244, 2 Am. Dec., 627; *Sweany v. Hunter,* 5 N. C., 180; *Johnson v. Johnson,* 10 N. C., 556; 12 Am. Jur., 564. For example, "A" promises to give "B" a horse at Christmastime, or to leave him a legacy in his will, and does neither. There being no consideration for the promise, "B" would have no cause of action against "A" or his estate. *Medlock v. Powell,* 96 N. C., 499, 2 S. E., 149; *Broaddus v. Bank,* 161 Md., 116, 155 Atl., 309; *In re Fisher's Estate,* 128 Or., 415, 274 Pac., 1098; 17 C. J. S., 432. A bare promise, made without consideration, creates no legal rights and imposes no legal obligations. Its fulfillment is a matter of grace or favor on the part of the one making the promise. *Picot v. Sanderson,* 12 N. C., 309. In this connection, see *Ritchie v. White,* 225 N. C., 450.

In the instant case the promise on the part of the defendant to reimburse the plaintiff "his one-half paid for boring said well" was no more than a gratuity. Plaintiff promised nothing and gave nothing in return for the defendant's promise. *Wooten v. Drug Co.,* 169 N. C., 64, 85 S. E., 140. The agreement to dig the well was in writing and its terms stated. The defendant, therefore, acquired by the exercise of its option exactly what it would have acquired had the promise of reimbursement not been given. The plaintiff lost nothing by the promise. His rights and obligations were fixed and determined by the written instruments. *Cf. Critcher v. Watson,* 146 N. C., 150, 59 S. E., 544, 18 L. R. A. (N. S.), 270, 125 Am. St. Rep., 470. The promise, if made, was without consideration to enforce it. *Building & Loan Asso. v. Swaim,* 198 N. C., 14, 150 S. E., 58. It seems that plaintiff trusted "to the mere gratuitous promise of favor from another." *Hardison v. Reel,* 154 N. C., 273, 70 S. E., 463; *Mitchell v. Bell, supra.*

The motion for judgment of nonsuit was well interposed.

Reversed.