J. HECTOR ATKINS, ADMINISTRATOR OF THE ESTATE OF JAMES LEWIS ATKINS, DECEASED v. DELA A. PARKER, MAX BRYAN AND SOUTHERN NATIONAL BANK OF NORTH CAROLINA

No. 7011SC152

(Filed 1 April 1970)

**1. Appeal and Error § 45— the brief — abandonment of assignments**

Assignments of error not brought forward in appellant's brief are deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

**2. Gifts § 4— gift causa mortis — requisites**

To constitute a *donatio causa mortis,* two things are indispensably necessary: an intention to make the gift, and a delivery of the thing given.

**3. Gifts § 4— gift causa mortis — sufficiency of findings**

Trial court properly concluded that a brother made a gift *causa mortis* of certificates of deposit to his sister, where there were findings, supported by evidence, that the brother had had several heart attacks prior to the gift; that he told his sister that he expected to die from his heart condition and he wanted her to have the certificates if anything happened to him; that the brother subsequently delivered the certificates to his sister's son with instructions that the certificates be turned over to her at his death; and that the brother thereafter died of a heart attack.

**4. Gifts §§ 1, 4— completion of gift — delivery**

In all cases of gifts, whether *inter vivos* or *causa mortis,* there must be a delivery to complete the gift.

**5. Gifts § 1— gift inter vivos — irrevocable**

A gift inter vivos is absolute and takes effect *in præsenti.*

**6. Gifts § 4— gift causa mortis — revocable**

A gift *causa mortis* is revocable and takes effect *in futuro.*

**7. Gifts § 4— gift causa mortis — evidence**

In an action to establish a gift *causa mortis* in certificates of deposit, evidence that the donor, upon delivery of the certificates to the donee's son, told the son that he would let him know if he, the donor, wanted the certificates back, *held* not to defeat the gift.

APPEAL by plaintiff from *McKinnon, J.,* 6 October 1969 Civil Session, HARNETT Superior Court.

This is a civil action to determine the ownership of funds evidenced by two certificates of deposit. The parties waived trial by jury and agreed that the Presiding Judge should find the facts from the evidence, enter his conclusions of law and render judgment thereon.

The plaintiff offered no evidence, it being determined that the

burden of proof was on defendant, Dela A. Parker, to establish her ownership of the certificates of deposit.

Evidence offered on behalf of the defendants tended to show the following:

Prior to 16 June 1968, James Lewis Atkins owned two certificates of deposit issued by Southern National Bank in his name only. He surrendered these certificates, one on 16 June 1968, and the other on 2 September 1968, and had Southern National Bank issue to him two certificates made out to "MR. J. L. ATKINS, PAY ON DEATH, MRS. DELA A. PARKER." He requested the issuing bank to pay these certificates to his sister upon his death.

Atkins had suffered two or three heart attacks and on several occasions in the summer and fall of 1968 he discussed his health as well as his financial and business affairs with Hoyle Secrest. He told Mr. Secrest his health was very poor and that he feared he was going to die suddenly from a heart attack. He also told Mr. Secrest he was going to fix it so his sister Dela would get some of his money when he died and that he was going to make the certificates of deposit in their joint names.

On the last Sunday in September, 1968, Atkins showed his sister, Dela, the two certificates, handed them to her, and told her he didn't think he was going to live very long and that the certificates of deposit were his gift to her. Dela left the certificates with Atkins. At the time Atkins showed the certificates to Dela, he told her he wanted her to go to Raleigh with him to get a lawyer or banker to look them over and make certain that if anything happened to him she would get the money. The following week Atkins started to Raleigh but was taken ill and returned home.

In the fall of 1968, Max Bryan, Dela's son, went to see Atkins at Atkins' request. At that time, Atkins gave Bryan the certificates of deposit and said he wanted him to keep them. Atkins told Bryan that he wanted to transfer the funds from certificates of deposit, when they matured, to a savings account in Dela's name, and that he would let Bryan know if he wanted them back. He also said he wanted Dela to have the money represented by the certificates and that Bryan was to turn the certificates over to Dela upon Atkins' death. Atkins saw Bryan twice after giving the certificates to him but he never requested that they be returned.

Atkins told Dela on several occasions that he expected to die from his heart condition and that if anything happened to him he

wanted her to have the certificates of deposit and he didn't want anyone else to have them.

Atkins died of a heart attack on 28 December 1968.

The trial judge found facts and concluded as a matter of law that James Lewis Atkins made a gift causa mortis to Dela A. Parker of the certificates of deposit and the funds represented thereby. From judgment in favor of Dela A. Parker, plaintiff appealed.

*Edgar R. Bain and Bryan, Jones and Johnson, by Edgar R. Bain, for plaintiff-appellant.*

*W. A. Johnson for Dela A. Parker, defendant-appellee.*

BROCK, J.

[1]    Assignments of error Nos. 1 and 4 (exceptions 1 and 13) are not brought forward in plaintiff-appellant's brief so they are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Therefore, only two questions are presented on this appeal. The first is whether there was competent evidence to support the findings of fact made by the trial judge. The second question, being collateral to the first, is whether the facts so found support the trial judge's conclusions of law.

The trial judge found and concluded as follows:

"1.    That James Lewis Atkins died testate on or about December 28, 1968, and that the plaintiff is the duly qualified and acting executor of the estate of the said James Lewis Atkins.

"2.    That prior to his death James Lewis Atkins purchased from the Southern National Bank of Lillington, North Carolina, the two (2) certificates of deposit referred to and described in the pleadings.

"3.    That James Lewis Atkins intended to give and did give said certificates of deposit and the funds represented thereby to the defendant Della A. Parker.

"4.    That at the time of said gift the said James Lewis Atkins had the then present interest (sic) to donate said certificates and the proceeds represented thereby to his sister, Della A. Parker, and that said gift was completed by delivery.

"5.    That the gift of said certificates of deposit and the funds represented thereby was conditioned to take effect upon the death of the donor.

"6. That at the time of the gift and delivery of the said certificates of deposit James Lewis Atkins was suffering from a severe heart condition of which he had full knowledge and at that time he did not expect to live much longer.

"7. That said certificates of deposit and the funds represented thereby were given to Della A. Parker by the said James Lewis Atkins in contemplation of death and with a view to his death.

"8. That after the gift and delivery of said certificates of deposit the said James Lewis Atkins died of a heart attack; that his death resulted from the condition and illness from which he was suffering at the time of said gift.

"9. That said certificates of deposit remained continuously in the possession of Max Bryan, the son of Della A. Parker, from the date they were delivered to him by James Lewis Atkins until December 29, 1968, at which time the said Max Bryan delivered said certificates of deposit to Della A. Parker in accordance with the instructions given to him by James Lewis Atkins and the said certificates of deposit are now and have been continuously since said date in the possession of the said Della A. Parker.

"10. That Max Bryan claims no interest in said certificates of deposit or the funds represented thereby.

"UPON THE FOREGOING FINDINGS OF FACT THE COURT CONCLUDES AS A MATTER OF LAW:

"1. That James Lewis Atkins made a gift *causa mortis* of said certificates of deposit and the funds represented thereby to his sister, Della A. Parker.

"2. That the said Della A. Parker is now the owner of said certificates of deposit and all funds represented thereby.

"3. That the estate of James Lewis Atkins has no interest whatever in said certificates of deposit or the funds represented by said certificates.

"4. That Max Bryan has no interest in said certification of deposit or the funds represented thereby.

"5. That the said Della A. Parker is entitled to receive from the Southern National Bank payment in full of all funds evidenced and represented by said certificates of deposit upon surrendering and delivering said certificates to said bank."

[2]    "To constitute a *donatio causa mortis,* two things are indis-

pensably necessary: an intention to make the gift, and a delivery of the thing given." *Newman v. Bost,* 122 N.C. 524, 29 S.E. 848. See also, *Bynum v. Bank,* 221 N.C. 101, 19 S.E. 2d 121; *Thomas v. Houston,* 181 N.C. 91, 106 S.E. 466.

Appellant contends that the defendant failed to carry the burden of showing the intent of Atkins to divest himself of all right, title and control over the certificates and that he did not intend a final irrevocable disposition of the certificates. To support these contentions, appellant relies on two points: First, the trip to Raleigh Atkins proposed to Dela to have either a banker or a lawyer to check on the certificates to make sure they were safe; and second, the statement by Max Bryan that Atkins told him he would let him know if he wanted the certificates back.

[3] The evidence shows, and the trial judge was correct in finding, a present donative intent on the part of Atkins to give the certificates of deposit to Dela. This was sufficiently illustrated by the delivery of the certificates to Max Bryan with instructions that he wanted Max Bryan's mother (Dela) to have the money represented by the certificates and that he wanted him to turn the certificates over to her upon his (Atkin's) death.

The discussion concerning the trip to Raleigh occurred prior to the delivery of the certificates to Max Bryan, the uncontradicted evidence being that Atkins showed the certificates to Dela at the time the trip was discussed and that Max Bryan had continuous possession of the certificates from the day Atkins gave them to him until Atkins' death. Dela testified that Atkins showed the certificates to her and told her he wanted her to have the certificates if they were safe and, if they were not safe, he wanted to put the money represented by the certificates in a savings account in her name.

[4-7] In all cases of gifts, whether inter vivos or causa mortis, there must be a delivery to complete the gift. *Bynum v. Bank, supra; Newman v. Bost, supra; Adams v. Hayes,* 24 N.C. 361. And, in North Carolina, the law of delivery is the same for gifts inter vivos and gifts causa mortis. *Bynum v. Bank, supra.* However, "[t]he chief distinguishing characteristics between a gift *inter vivos* and one *causa mortis* are that the former is absolute and takes effect *in præsenti,* while the other is revocable, and takes effect *in futuro."* *Thomas v. Houston, supra.* Therefore, the fact that Atkins told Max Bryan he would let him know if he wanted the certificates back would not defeat the gift causa mortis. There had been a delivery of the gift to Bryan. A gift causa mortis, being defeasible by reclama-

tion, the contingency of survivorship, or deliverance from peril, it is not irrevocable as is a gift inter vivos. *Thomas v. Houston, supra.*

**[3]** The evidence is sufficient to support the finding of fact by the trial judge that "James Lewis Atkins intended to give and did give said certificates of deposit and the funds represented thereby to the defendant Della A. Parker" and his conclusion that "James Lewis Atkins made a gift *causa mortis* of said certificates of deposit and the funds represented thereby to his sister, Della A. Parker."

The findings of fact by the trial judge were supported by competent evidence. The applicable rule is stated in 1 Strong, N.C. Index 2d, Appeal and Error, Sec. 57:

> "The court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such findings will be affirmed, even though there is evidence contra, . . . ."

Upon examination of the facts and conclusions, we are of the opinion and so hold that the trial judge correctly applied the facts that he found in making his conclusions of law.

Affirmed.

BRITT and GRAHAM, JJ., concur.