EXECUTIVE LEASING ASSOCIATES, INC. v. FRANK LAMBERT

No. 7610DC916

(Filed 6 July 1977)

Principal and Surety § 1— execution of suretyship agreement — sufficiency of consideration

      The trial court erred in granting a directed verdict for defendant on the ground that a suretyship agreement executed by defendant was not supported by a valuable consideration where the evidence tended to show that defendant was the owner of a grading company which leased a tractor and defendant signed a suretyship agreement guaranteeing payment of the rent; the grading company, having no further use for the equipment, wanted to be released of further liability under the lease; defendant suggested that the equipment be leased to a named third party and defendant executed a suretyship agreement for that lease; and the release of the grading company, of which defendant was owner and guarantor, from further obligation resulted in a bene-

fit to defendant which amounted to adequate consideration for the suretyship agreement.

APPEAL by plaintiff from *Murray, Judge.* Judgment entered 4 June 1976 in District Court, WAKE County. Heard in the Court of Appeals 7 June 1977.

Plaintiff brought this action against Frank Lambert and David Parrish, alleging in its complaint that it had leased a Long tractor to Parrish; that Lambert had guaranteed payment of all sums owed to plaintiff under the lease; that Parrish had defaulted in his rental payments; and that defendants were liable to plaintiff for $11,648, plus interest and attorney's fees. Parrish filed no answer, and default judgment was entered against him. In his answer, Lambert denied that he was liable for any amount under the guaranty agreement.

Plaintiff offered evidence tending to show that in January 1973 it leased the Long tractor to B & L Grading Construction Company, and Lambert, who was the owner, signed a suretyship agreement guaranteeing payment of the rent. In June 1973 Lambert told plaintiff's president that he had no more use for the tractor and wanted the equipment re-leased to Parrish. On 3 August 1973 plaintiff and Parrish signed a lease agreement providing that Parrish would lease the tractor for 29 months at a rental of $465.92 per month. On 8 August 1973 Lambert signed a suretyship agreement guaranteeing payment of the rent due under Parrish's lease. Parrish defaulted on his rental payments, and Lambert refused to make the payments pursuant to the suretyship agreement. At the time plaintiff declared the lease to be in default, the amount due was $11,648. Plaintiff sold the tractor for $2,600 and credited this amount (after deducting sale expenses) on defendants' debt, leaving a balance of $9,513.92.

At the conclusion of plaintiff's evidence the court granted a directed verdict for defendant Lambert.

*Hatch, Little, Bunn, Jones, Few & Berry, by John N. McClain, Jr., for the plaintiff.*

*C. K. Brown, Jr., for the defendant.*

MARTIN, Judge.

Plaintiff contends the court erred in granting defendant's motion for directed verdict. In granting the motion, the court stated:

" . . . [L]ooking at the whole transaction, it is my opinion that there is inadequate consideration either on the theory that there is no consideration or no new or different consideration, and it is upon the ground that I grant the motion."

The validity of the judgment from which the plaintiff appealed is therefore dependent upon whether the suretyship agreement is supported by a valuable consideration. Plaintiff contends there was sufficient consideration. We agree.

In *Stonestreet v. Oil Co.*, 226 N.C. 261, 262, 37 S.E. 2d 676, 677 (1946), Chief Justice Stacy speaking for the Court stated:

"It may be stated as a general rule that 'consideration' in the sense the term that is used in legal parlance, as affecting the enforceability of simple contracts, consists of some benefit or advantage to the promisor, or of some loss or detriment to the promisee. (Citations omitted.) It has been held that 'there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not.' (Citations omitted.) On the other hand, a mere promise, without more, lacks a consideration and is unenforceable." (Citation omitted.)

On 18 January 1973 the defendant, Frank Lambert as general partner, executed and delivered to plaintiff a lease agreement on behalf of B & L Grading Company for a tractor. Lambert, individually, executed a suretyship agreement which guaranteed payments. Thereafter Mr. Lambert told plaintiff he had no more use for the tractor and suggested that it be leased to David Parrish. Plaintiff would not accept a lease from Parrish unless defendant would execute a suretyship agreement for that lease. Plaintiff testified:

" . . . I personally accepted the lease for Executive Leasing Associates, Inc. upon the completion of a suretyship agree-

ment for that lease, and I mailed it to Mr. Lambert, I believe, on the fifth or sixth of August, and he signed it on the eighth."

B & L Grading Company, having no further use for the equipment, wanted to be relieved of further liability under the lease. In the event of a default in payments, defendant would have been primarily responsible as a partner in B & L Grading Company, and would have had a contingent liability under the suretyship agreement. The lease of the equipment to Parrish transferred such obligation for further payments for the equipment to Parrish, thus relieving the Grading Company of further obligation. This resulted in a benefit to the Grading Company, of which the defendant was liable as partner and guarantor, and it amounted to adequate consideration for the execution of defendant's suretyship for the Parrish lease.

On a motion by a defendant for a directed verdict in a jury case, the court must consider all the evidence in the light most favorable to the plaintiff and may grant the motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971). The evidence in the case at bar does not support a finding of insufficient consideration to support a directed verdict for the defendant. The trial court was therefore incorrect in granting defendant's motion for a directed verdict.

New trial.

Chief Judge BROCK and Judge HEDRICK concur.