COPY PRODUCTS, INC. v. CLYDE C. RANDOLPH, JR., INDIVIDUALLY; DORIS GREEN RANDOLPH, INDIVIDUALLY; AND RANDOLPH AND RANDOLPH, ATTORNEYS AND COUNSELLORS AT LAW, A PARTNERSHIP

No. 8221DC502

(Filed 7 June 1983)

Contracts § 27.1— lease of copying machine—directed verdict for defendant improper

    In an action brought by plaintiff to recover unpaid rental payments for a copying machine leased to the defendants, the trial court erred in entering a directed verdict for defendants since the lease agreement between the parties could be seen as a valid contract and since at least four terms of the lease agreement pointed to a recovery by the plaintiff.

APPEAL by plaintiff from Alexander, Judge. Judgment entered 21 January 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 17 March 1983.

Plaintiff brought this action to recover unpaid rental payments for a copying machine leased to the defendants.

Defendants signed a lease with the plaintiff on 21 May 1976. They agreed to make 60 monthly payments of $100.55 for the copier. The lease contained a number of relevant provisions.

First, the defendants could not terminate the lease without the plaintiff's permission. Second, default in the lease payments entitled the plaintiff to terminate the lease and accelerate all unpaid payments.

Third, if the plaintiff terminated the lease prior to the end of its stated term, it could recover all unpaid rent and liquidated damages equal to the difference between the unpaid lease payments and proceeds from the sale of the copier. Fourth, the defendants could not assign or sublet the machine without the plaintiff's prior consent.

The defendants made timely rental payments until December, 1978. On 29 December 1978, they wrote to the plaintiff about terminating the lease or, in the alternative, buying the machine.

In February, 1979, the defendants proposed an assignment of the lease to which the plaintiff did not agree.

The plaintiff filed a complaint on 7 May 1979 seeking the $2,815.40 balance due under the lease and liquidated damages as defined in the lease. Defendants denied the plaintiff's allegations and counterclaimed that the lease was not a binding contract, that the plaintiff has not mitigated damages, and that the defendants suffered $2,909.97 in damages as a result of the plaintiff's breach of contract, which they contend should be recovered from the plaintiff.

The plaintiff replied, denying the allegations of the defendants' counterclaim and moved to dismiss it. A motion for summary judgment by the plaintiff was denied on 22 October 1981.

When the case came for trial on 18 January 1982, the trial judge granted the defendants' motion for a directed verdict at the close of the plaintiff's evidence. The defendants took a voluntary dismissal without prejudice of their counterclaim.

The plaintiff then appealed to this Court.

*Paul A. Sinal for plaintiff-appellant.*

*David F. Tamer for defendant-appellee.*

ARNOLD, Judge.

The plaintiff lost this case on a G.S. 1A-1, Rule 50(a) motion for a directed verdict. On a directed verdict motion,

> the court must consider the evidence in the light most favorable to the non-movant, deeming all evidence which tends to support his position to be true, resolving all evidentiary conflicts favorably to him and giving the non-movant the benefit of all inferences reasonably to be drawn in his favor.

*Daughtry v. Turnage*, 295 N.C. 543, 544, 246 S.E. 2d 788, 789 (1978). W. Shuford, N.C. Civil Practice and Procedure § 50-5 (2d ed. 1981).

When considering the evidence in the light most favorable to the plaintiff, including resolving evidentiary conflicts in its favor, we conclude that the entry of a directed verdict for the defendants was improper.

First, the lease agreement between the parties could be seen as a valid contract. The essential contract elements of offer, acceptance, consideration, and no defenses to formation can be established by the evidence considered in the light most favorable to the plaintiff. As a result, we need not address the defendants' arguments that the lease was not executed in accord with corporate formalities, or that it was only an acceptance of an offer that the plaintiff made in a letter two months earlier. In addition, the defendants' contention that the earlier letter is part of the contract between the parties may fail under the parol evidence rule. *See* 2 Brandis, N.C. Evidence §§ 251-260 (2d rev. ed. 1982).

Second, assuming that the lease is a valid contract, as we must on this directed verdict motion, four terms of the lease point to a recovery by the plaintiff.

First, the defendants could not terminate the lease without the plaintiff's permission. They never had that permission and may be liable for liquidated damages as a result.

Second, not paying rent is default under the lease. Third, one remedy for default is accelerating the time for all unpaid rent. Finally, the lease provides that when the plaintiff terminates the lease, it can recover all due and unpaid rent *and* liquidated damages.

Our reversal of the grant of the directed verdict does not prohibit the defendants from raising their counterclaim at the new trial if they comply with the provisions of G.S. 1A-1, Rule 41. They also may argue any failure of the plaintiff to mitigate its damages.

Reversed and remanded.

Judges HILL and BECTON concur.