NO. COA14-147

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

ROBERT F. LEWIS,

    Plaintiff,

    v.

LEWIS LESTER,

    Defendant.

Guilford County
No. 12 CVS 11507

Appeal by plaintiff from judgment entered on 6 August 2013 by Judge Richard L. Doughton in Guilford County Superior Court. Heard in the Court of Appeals 19 May 2014.

> *OERTEL, KOONTS & OERTEL, PLLC, by Geoffrey K. Oertel for plaintiff-appellant.*

> *BENSON, BROWN & FAUCHER, PLLC, by James R. Faucher for defendant-appellee.*

STEELMAN, Judge.

Where the plaintiff failed to demonstrate that there was consideration supporting an alleged oral agreement, the trial court properly granted summary judgment for defendant. Where the property in decedent's estate included both real and personal property, the statute of frauds required the alleged agreement

to be in writing. This is a separate and independent basis for affirming the ruling of the trial court.

## I. Factual and Procedural Background

Robert F. Lewis (plaintiff) and Lewis T. Lester (defendant) are the nephews of Floyd H. Lewis (Lewis). On 1 September 2006, plaintiff and defendant were both designated as power of attorney for Lewis. Plaintiff and defendant discovered Lewis' will in January of 2007, learning that plaintiff was not included as a beneficiary in the will. The will provided that all of Lewis' real and personal property was devised to defendant and his sister. Lewis died in December 2011. Defendant's sister predeceased Lewis, resulting in the entire estate passing to defendant.

In his complaint, plaintiff alleged that in September 2006, the parties made an oral agreement regarding the property of their uncle. Defendant allegedly agreed to split Lewis' estate equally with plaintiff in exchange for plaintiff acting as power of attorney for Lewis. The complaint also states that the parties were aware of the contents of Lewis' will at the time of this agreement.

However, in his deposition, plaintiff admitted that he did not become aware of the contents of the will until January 2007,

some four months after the alleged agreement took place. Plaintiff further stated in his deposition that he would have acted as his uncle's power of attorney regardless of any agreement he made with defendant.

The Power of Attorney allowed defendant and plaintiff to each act independently as power of attorney for Lewis. Before Lewis' death, defendant used his authority as power of attorney to change the beneficiary on several of Lewis' bank accounts from his deceased sister to plaintiff. As a result of those actions, plaintiff received approximately $204,000 of Lewis' property.

In April 2012, plaintiff learned of an additional bank account in Lewis' name at First Citizens Bank in the amount of $84,000. Defendant refused to split the proceeds of the account with plaintiff. Plaintiff commenced this action by filing a complaint on 5 October 2012, seeking to enforce the alleged oral agreement.

Plaintiff sought to recover one-half of the assets of Lewis' estate, which included real property. On 18 October 2012, defendant filed an answer that contained a number of affirmative defenses; including lack of consideration and statute of frauds. On 17 July 2013, defendant filed a motion for summary judgment

based upon the depositions of plaintiff, Brian Lewis, and defendant.

On 7 August 2013, Judge Doughton filed an order granting summary judgment in favor of defendant.

Plaintiff appeals.

## II. Summary Judgment

In his sole argument on appeal, plaintiff contends that the trial court erred in granting defendant's motion for summary judgment. We disagree.

## A. Standard of Review

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007)).

## B. Analysis

### 1. Lack of Consideration

The essential elements of a valid, enforceable contract are offer, acceptance, and consideration. *Copy Products, Inc. v. Randolph*, 62 N.C. App. 553, 555, 303 S.E.2d 87, 88 (1983). When

there is no genuine issue of material fact as to the lack of consideration, summary judgment is appropriate. *See Penn Compression Moulding, Inc. v. Mar-Bal, Inc.,* 73 N.C. App. 291, 294, 326 S.E.2d 280, 283 (1985) (holding trial court should have entered summary judgment for defendant where "undisputed" evidence established that no new consideration was exchanged for plaintiff's renewed promise to pay pre-existing debt). "A mere promise, without more, lacks a consideration and is unenforceable." *Stonestreet v. S. Oil Co.*, 226 N.C. 261, 263, 37 S.E.2d 676, 677 (1946).

In the instant case, plaintiff disavowed the theory set forth in his complaint, that the consideration for the alleged agreement was his agreement to serve as power of attorney, in his deposition testimony. Plaintiff acknowledged that he was unaware of the contents of the will at the time he claims the agreement was made, and that he would have acted as power of attorney, and continued providing help to his uncle, regardless of any agreement with defendant, and that he expected no compensation for acting as power of attorney.

Plaintiff now attempts to assert that, "any obligation held by Robert F. Lewis to act to benefit Floyd H. Lewis ended with the death of Floyd H. Lewis. Thus, any actions taken following

the death of Floyd H. Lewis were taken at the detriment or loss of Robert F. Lewis and are admissible evidence of the bargained for legal detriment of the contract between the Defendant and Plaintiff." This argument is without merit because these actions were not contemplated at the time the alleged agreement was made and therefore cannot constitute consideration for that agreement.

Past consideration or moral obligation is not adequate consideration to support a contract. *See Jones v. Winstead*, 186 N.C. 536, 540, 120 S.E. 89, 90-91 (1923). Furthermore, "services performed by one member of the family for another, within the unity of the family, are presumed to have been rendered in obedience to a moral obligation and without expectation of compensation." *Allen v. Seay*, 248 N.C. 321, 323, 103 S.E.2d 332, 333 (1958) (quoting *Francis v. Francis*, 223 N.C. 401, 402, 26 S.E.2d 907, 908 (1943)).

This presumption can be rebutted by evidence that the party rendering the services reasonably expected compensation for those services. *Penley v. Penley*, 314 N.C. 1, 18, 332 S.E.2d 51, 61 (1985). There is no such evidence in the instant case. Plaintiff conceded that he would have acted as power of attorney

and performed services for his uncle regardless of any agreement with defendant, and expected no compensation.

This argument is without merit.

## 2. Statute of Frauds

The trial court's order granting summary judgment does not specify a basis for granting summary judgment. Plaintiff argued against the application of the statute of frauds before the trial court on summary judgment, but on appeal fails to make any argument pertaining to the statute of frauds. Defendant asserted the affirmative defense of statute of frauds in his answer. This constitutes a separate and independent basis supporting the trial court's entry of summary judgment.

"It is settled law in North Carolina that an oral contract to convey or to devise real property is void by reason of the statute of frauds (G.S. § 22-2). An indivisible oral contract to devise both real and personal property is also void." *Pickelsimer v. Pickelsimer*, 257 N.C. 696, 698, 127 S.E.2d 557, 559 (1962) (citing *Grady v. Faison*, 224 N.C. 567, 31 S.E.2d 760 (1944)). Furthermore, "[u]pon a plea of the statute, it may not be specifically enforced and no recovery of damages for the loss

of the bargain can be predicated upon its breach." *Id*. at 698, 127 S.E.2d at 560 (citing *Daughtry v. Daughtry*, 223 N.C. 528, 24 S.E.2d 446 (1943)).

The alleged agreement between plaintiff and defendant was to divide the assets of Lewis' estate, which included both real and personal property. Therefore, the agreement is unenforceable because it was not in writing.

We hold that the trial court did not err in granting defendant's motion for summary judgment.

AFFIRMED.

Chief Judge MARTIN and Judge DILLON concur.